## City of Rock Island v. Mary Littig.

Gen. No. 4,427.

1. STREET—*when municipality not liable for injury received upon.* A municipal corporation is not liable for an injury received by a person crossing planks placed over an excavation where it appears that such planks were level, smooth and strong, and where the only negligence charged was the fact that the planks sagged and by reason thereof such person tripped and fell.

Action on the case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed March 8, 1905.

JOHN K. SCOTT, for appellant.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court. Appellee brought an action on the case against the city

of Rock Island to recover damages for a personal injury caused by a fall on the sidewalk. A recovery was had for $893, from which the city appeals.

The accident occurred on May 25, 1902, on the south side of Fifth avenue, between 26th and 27th streets, in the city of Rock Island. At the place where the accident happened an excavation extending five or six feet wide had been made to make an entrance to a cellar under the building being erected on the lot that abutted on this sidewalk at this point. The sidewalk was about twelve feet wide, six feet in the center of which was paved with brick, leaving three feet next to the property line and the same distance on the curb side unpaved. The excavation thus referred to was cut through the three feet next to the property line and extended near to the center of the brick pavement. The three feet space next to the curbing was occupied with building material. The city officials had covered the opening in the sidewalk with planks ten inches wide and two inches thick, laid close together, lengthwise with the sidewalk. There were seven of these planks so laid down as to cover the entire opening in the excavation. Fifth avenue was one of the principal thoroughfares of the city and the sidewalk in question was used by a very large number of pedestrians.

On the day of the accident appellee and her married daughter were walking on the south side of Fifth avenue going to church. The daughter was walking on the side carrying a parasol over appellee. The daughter walked on the brick walk north of the excavation and appellee on the planks. While crossing over the planks appellee fell and broke her forearm, which is the injury complained of. Appellee testifies that she stepped on one of the planks and that it swayed or gave down a half an inch or an inch and she tripped and fell. The boards did not break or get out of place. The daughter says that she thinks her mother caught her dress, causing her to fall. Appellee fell south towards the new building. No other person testifies as to how the accident happened, although two

other witnesses saw appellee fall. It is shown that a large number of people passed over this walk daily and so far as the evidence shows no one ever fell there except appellee. . The walk over the excavation was level and smooth, and the only defect, if it can be so called, is the fact, that these planks would sag a half an inch when very heavy persons would place their weight upon them. Under this state of facts can it be said that the city has failed to use the ordinary care required to keep its sidewalks in reasonably safe condition? Cities are only required to exercise reasonable care to keep the sidewalks in an ordinarily safe condition for use by persons who exercise reasonable care for their own safety. City of Chicago v. McGiven, 78 Ill. 347; City of Chicago v. Bixby, 84 Id. 82; Village of Mansfield v. Moore, 124 Id. 133; City of Chicago v. Richardson, 75 App. 198; City of Nokomis v. Farley, 113 App. 161. The character of this walk at this point and the other surrounding circumstances were sufficient to indicate to any person that the planks were put there merely as a temporary crossing. Municipal corporations are not insurers of the safety of persons using their streets and sidewalks nor is the duty to keep its public ways reasonably safe an absolute one. City of Salem v. Webster, 192 Ill. 369. In this case it is said: " Streets may undergo changes, and improvements may properly be made, which would render the performance of an absolute duty impossible. All that is required is reasonable care and diligence to keep the streets in reasonably safe repair and condition for travel, and if a city uses reasonable and ordinary care in that respect it will not be liable." This opening being in the sidewalk, the duty to use ordinary diligence and care to render it reasonably safe devolved on the city and we are of the opinion that when the opening was covered with strong planks, that would not break with any ordinary weight that was likely to be placed on them in the usual and ordinary travel over the sidewalk, with no holes or openings left exposed, the city officials had exercised that reasonable and ordinary care which the law required.

The judgment of the Circuit Court is reversed, and since there is no evidence of negligence on the part of the city, the cause will not be remanded.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find as a fact that there is no evidence of any of the negligence charged in the declaration.

We find as a fact that the city of Rock Island was guilty of no negligence which caused or contributed to appellee's injury.