## J. D. Roberts, Appellee, v. Village of Mason, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

2. INSTRUCTIONS—*when cannot be complained of.* A party will not be heard to complain of the vice of an instruction where instructions tendered by him and given contain a like vice.

Action in case. Appeal from the Circuit Court of Effingham county; the Hon. J. C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

S. F. GILMORE, for appellant.

GEORGE I. DANKS and WRIGHT BROS. & DENTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against the village of Mason, Illinois, on account of alleged negligence of the village board in not keeping one of its streets in a reasonably safe condition, whereby appellee received personal injuries and his automobile was badly damaged. Verdict and judgment for $275.

Appellant here complains that the verdict was not sustained by the evidence and that there was such serious error committed by the court in instructing the jury on behalf of appellee that the judgment should be reversed.

The proofs show the accident to have occurred under the following circumstances: About three weeks prior to October 3, 1909, the village authorities, preparatory to putting in a granitoid crossing, had excavated a strip of ground about six feet wide to a depth of some twelve inches across Main street of appellant, it being a village of some 350 people, and this one of the principal streets. The dirt had been thrown out along each side of the excavation and the street was left in this condition. The street continued to be traveled over by passengers and loaded vehicles, some twenty or thirty going over the dirt on the sides and the edges of the excavation each day until the same were partially worn down. On the above date, appellee, who lived in Terre Haute, Indiana, and had never been over the street before, was passing through the village in an automobile accompanied by one Graff, his driver. It was about the middle of the day and the sun was shining and they saw the dirt on the edge of the excavation as they approached but did not discover the excavation itself, until within about twelve feet of it. The driver put on the brake but the car went into and across the other side of the excavation. Appellee was thrown by the jolt against the front of the car, his thumb broken and the car so damaged and injured as to require some $300 to repair it,

There was no notice to warn persons that the road at that place was in a dangerous condition. Appellee testified they paid no attention to the fresh dirt across the street as they had passed several places in the village where there was fresh dirt in the roadway, but the street at these places had been repaired and made comparatively smooth, and it was only when he saw the excavation beyond the dirt on its edge that he became aware of the condition.

As the city authorities were conducting the work, there was no question of notice to the city of the existence of the excavation. Nor was it questioned that there was no warning of danger at the crossing, nor that appellee and his automobile received injuries in the manner and to the extent claimed. It is contended however by appellant that the crossing was reasonably safe and that appellee and his chauffeur did not use reasonable care in approaching the same. The evidence upon these questions, which include the rate of speed at which the automobile was traveling, was conflicting and not to be reconciled. We must therefore be content to leave the determination of the contested questions of fact to the jury, which found in favor of appellee.

Appellant complains because the jury were charged on the part of appellee that it was the duty of a village to keep its streets in a reasonably safe condition, instead of stating the duty of the village to be, to use reasonable diligence to keep them in a reasonably safe condition. Appellant cannot however take any advantage of the technical defect contained in such instruction for the reason that it gave instructions stating the rule of law to be the same as that laid down by the instructions of appellee complained of. The fourth instruction given for appellee told the jury "that a person using a city or village street has a right to rely upon such street being in a reasonably safe condition and repair for travel and if there is a defect in such street, rendering it unsafe for travel,

unless he knows of or is warned of the defect by some sign, signal or other means, he cannot be charged with negligence in assuming that the street is reasonably safe for use, but has a right to act upon the presumption that it is reasonably safe." Appellant asserts this instruction is vicious because it gave undue prominence to the absence of precautions, that the law does not specifically impose and require appellant to guard the excavation by signs, signals or other warnings so as to make the street safe for ordinary travel instead of requiring it to use reasonable care in that regard.

The complaint that this instruction required the city to make the street safe for ordinary travel cannot be availed of by appellant for the reason that appellant adopted the same rule of law in his instructions as above stated. But even if that were not the case, we would not regard this instruction erroneous to such an extent under the circumstances of this case, as to require the reversal of the judgment.

In Salem v. Webster, 95 Ill. App. 120, where an instruction similar in many respects to the one in question was under consideration, this court said: "As an abstract proposition, or as applicable to a large class of cases that have arisen or that may arise, this instruction does not lay down the law correctly as to the duty of a city with respect to its streets. Ordinarily it is not the duty of a city to absolutely keep its streets in reasonably safe repair, but only to exercise reasonable diligence to keep its streets in reasonably safe repair. But in this case appellant, by its voluntary act, converted one of its public streets which was in reasonably safe repair into one that was clearly unsafe and dangerous, and without any lawful excuse therefor kept it in unsafe and dangerous condition for weeks. When applied to such facts the instruction correctly states the duty which the law imposes."

The Supreme Court in affirming this case (192 Ill.

369) refers to the fact that "there was never any guard, notice or protection to the public at the place of the ditch or in its immediate vicinity to give warning of the danger."

Upon consideration of the whole record we find no sufficient reason for the reversal of the judgment in this case and the same is therefore affirmed.

*Judgment affirmed.*

MR. JUSTICE McBRIDE having tried this case in the court below took no part here.