THE CITY OF SALEM

*v.*

LEE F. WEBSTER.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*error can only be assigned on some ruling or failure to rule.* Counsel desiring the action of the trial court upon his objections reviewed must insist upon a ruling and except thereto, or to the refusal or failure of the court to make a ruling.

2. NOTICE—*notice to city authorities of defective conditions produced by them is unnecessary.* The question whether the city authorities are charged with notice of the condition of a street arises only in cases where they have not produced such condition themselves.

3. EVIDENCE—*witness may state natural expressions of suffering.* A physician who attended the plaintiff in a personal injury case, and who helped to pick him up at the time of the accident, may testify that he cried out at that time and described the pain he suffered.

4. SAME—*testimony concerning habits is not admissible if there is direct testimony.* In an action against a city for personal injury, if there is direct testimony as to the rate of speed at which the plaintiff was driving when he ran into the ditch, evidence that he was ordinarily a rapid driver is inadmissible.

5. MUNICIPAL CORPORATIONS—*city need use only reasonable care to keep streets reasonably safe.* A city is not required to do more than exercise reasonable care to keep the streets in a reasonably safe condition for travel.

6. DAMAGES—*when instruction concerning damages is not erroneous.* If only compensatory, and not exemplary, damages are recoverable, it is not error to instruct the jury that if they find for the plaintiff they should assess his damages at such amount as the evidence showed would compensate him for his injuries.

*City of Salem* v. *Webster*, 95 Ill. App. 120, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. WILLIAM M. FARMER, Judge, presiding.

GEORGE W. SMITH, (FRANK F. NOLEMAN, and JOHN B. KAGY, of counsel,) for appellant.

T. E. MERRITT, C. E. JENNINGS, and L. M. KAGY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In May, 1898, the appellant, the city of Salem, made an open ditch with a road-grader across Church street, one of the public streets of said city in general use, to allow surface water to run across the street. In the latter part of July, the ditch having become partially filled up so as to impede the flow of the water, the city caused it to be dug out with spades. The dirt was thrown in the street on the sides of the ditch, which was something more than a foot deep across the traveled way and as wide as it was deep. No guards or lights were placed at or near the ditch at any time, and on August 16, 1898, two or three weeks after it was opened up again, at about ten o'clock at night, when it was quite dark, appellee was driving along said Church street in a buggy, and in crossing the ditch was thrown out upon the ground. He was carried to the house of a physician near by, where he was cared for, and was afterward removed to his home and subsequently to a hospital in St. Louis, and at each place he was treated for injuries alleged to have been sustained in said accident. He brought this suit to recover damages for such alleged injuries, and recovered a judgment, which was affirmed by the Appellate Court.

The first assignment of error is, that the trial court erred in admitting improper evidence in behalf of the plaintiff. Under this assignment our attention is called to various questions and answers which were objected to by defendant at the trial, as to which the court made no ruling, and there is therefore no exception to any ruling. If counsel desired to have any action of the court concerning their objections reviewed, it was their duty to insist upon a ruling, and except to such ruling or to the failure or refusal of the court to pass upon the objections. Error can only be assigned upon some ruling of the court, or failure to rule, to which exception is preserved, and we cannot consider any question sought to be raised under

said objections. There are a number of other objections upon which the court ruled and exceptions were taken. In one case a witness was asked if the attention of the city authorities was called to the condition of the ditch. He answered that he told some one, but he did not know whether it was one of the city authorities or not. Objection was made to the answer and it was overruled. The ruling was wrong, but it did no harm to the defendant for this reason: the declaration charged that defendant caused the ditch to be dug across one of its public streets, of such depth and width as to be dangerous, and left the same open and unguarded and unprotected during both day time and night time, and the evidence showed, without contradiction, that the charge was true. The question of notice to the city authorities concerning the condition of a street is involved only where they have not produced the condition themselves, in which case they necessarily know the fact. In this case there is no dispute that the city dug the ditch in the first place with a street-grader and afterward dug it out with spades. It was not necessary to show that notice was brought to the city by other means that it had dug the ditch, and the error was harmless. Objections were also made and overruled to the testimony of physicians as to what plaintiff said to them while being examined and treated, in describing his feelings and detailing the nature and location of his pains and sufferings. As to such matters the opinions of the physicians must necessarily be formed and guided by statements of the patient, and the evidence was within the rule laid down in *Illinois Central Railroad Co.* v. *Sutton*, 42 Ill. 438, and *West Chicago Street Railroad Co.* v. *Carr*, 170 id. 478. There was no error in those rulings. One of these physicians was near by when the accident happened, and, with another person, picked the plaintiff up and carried him to his house. He was allowed to state that plaintiff at that time cried out with pain and described the pain in his back. What was stated was not a recital of any

past event but the natural expressions of suffering. The physician took plaintiff right into his own house, close by, and immediately administered to him as a physician. The physician heard the accident and was at the spot almost immediately, and was guided by the groans of plaintiff to the place where he lay. The evidence was admissible as the natural expressions of suffering if not as a part of the *res gestæ*. Some other evidence admitted comes under the same rule as to natural expressions and appearances.

The next assignment of error is, that the trial court refused to admit proper evidence on behalf of the defendant. The argument under this assignment is, mainly, that the court improperly limited cross-examination of witnesses for plaintiff. The questions to which objections were sustained were not proper cross-examination, and we do not find any error in ruling on them, but think the court was quite liberal with counsel in such cross-examination. The other objections under this assignment are the following: Defendant called a witness by whom it was attempted to prove that plaintiff was ordinarily a rapid driver, and the court held the evidence incompetent. There was direct testimony as to the rate at which plaintiff was driving, and, consequently, the offered evidence was not competent. It is only in cases where there is no direct testimony as to the conduct of a person at a particular time that resort may be had to inferences as to such conduct, arising from the ordinary habits or general character of such person as to care and caution. Defendant also asked a witness who had been at plaintiff's house a good deal and had opportunities for observation, if plaintiff had been pampered and petted. We cannot see how the question whether plaintiff had been a family pet or had been pampered had any relevancy to the issue in the case.

The next complaint is, that the trial court erred in giving the first instruction requested by the plaintiff.

The instruction is quite defective. It states that it is the duty of cities to keep their streets in reasonably safe repair and condition for travel over them, and is erroneous in stating the duty as an absolute one. Streets may undergo changes, and improvements may properly be made which would render the performance of an absolute duty impossible. All that is required is reasonable care and diligence to keep the streets in reasonably safe repair and condition for travel, and if a city uses reasonable and ordinary care in that respect it will not be liable. In this case, however, there was and can be no question as to the utter disregard by the defendant of such duty. The ditch was dangerous,—at least as opened with the spades in July, if not before. There was never any guard, notice or protection to the public at the place of the ditch or in its immediate vicinity to give warning of the danger. There was some evidence that a guard was put up at the intersection of Church and Broadway streets, a block distant, which was broken down; but Church street was constantly traveled across this ditch without any attempt on the part of defendant to make it safe or to protect the public in any way. The finding of the jury could not have been different upon that issue. In its hypothesis of fact the instruction also omits all connection between the negligent act charged and the injury to defendant, and only requires the jury to find that defendant was guilty of negligence in allowing the ditch to remain open and that the plaintiff was injured. But here, again, there was no question that the accident resulted from the open and unguarded ditch. That the negligence of the defendant was the cause of the accident was beyond controversy, and the errors in the instruction could not have harmed the defendant. It is also urged that the instruction only required the jury to find that the plaintiff was in the exercise of due care at the instant he was injured. The instruction is not subject to that objection, but fairly includes the requirement that he was

using due care and caution for his own personal safety in driving upon the street and across the ditch. Complaint is also made of the last clause of the instruction, which required the jury, if they found for the plaintiff, to assess his damages at such amount as the evidence showed would compensate him for his injuries. It is argued that the instruction should be only permissive in that respect. Where exemplary damages are recoverable it is error to give such a direction, but in this case only compensatory damages could be recovered, and the direction related only to such damages. The instruction was not erroneous in that respect. *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614.

Another assignment of error is, that the court refused proper instructions requested by the defendant and modified other instructions so requested which were given. Counsel for defendant presented to the court thirty-one instructions and asked the court to give them to the jury. The court gave ten, either as asked or modified, covering every proposition of law in the case, and refused the remainder. It is not practicable in an opinion to enter into a discussion of all these instructions. Every refused instruction which stated the law correctly was contained in other instructions which were given stating the law favorably to the defendant. The presentation of such a number of instructions was wholly improper. Principles of law applicable to the case were not numerous or involved, and there was no occasion for imposing the labor of such an examination upon the court. No trial judge can properly examine and pass upon such a mass of instructions within the time usually available at a trial. Several of the refused instructions were not based upon any evidence in the case. One of them was upon the hypothesis that by reason of improvements or repairs a public street is closed to public travel. This street was left open, and there was no attempt to close it against the public or any pretense of such an attempt. Another

was based upon the fact that the plaintiff attempted to drive out of the ordinary and usual path of public travel, whereby he was injured. There was no evidence to base this instruction on, since there was no dispute that he was substantially in the traveled track, and it would not have made any material difference if he had not been. The ditch extended across the entire street. Another instruction refused was based on the same supposed fact that plaintiff drove on one side of the street, and was inconsistent with itself as to the travel being light and as to constant use by the public.

The most serious and substantial complaint is, that the attorney who made the opening address to the jury for the plaintiff over-stepped the bounds of propriety and made improper remarks and statements calculated to prejudice the minds of the jury against defendant, and not warranted by the evidence in the case. The speech could hardly be called an argument in the case, but in the main was a fervid harangue about corporations in general and railroad corporations in particular; the conduct of such corporations in suits for personal injuries; the wail of the widow and the cry of orphans; the Pinkerton detective agency, and the arrest and fining of persons who violate city ordinances and using the fines in the city fund to carry on the city government. None of these things had anything to do with the case. So far as the address related to the case, it was largely abuse of the mayor and city officers for defending it, and for obtaining witnesses for the purpose of proving plaintiff's injuries, from St. Louis, where he had spent a large part of his time in the hospital. There was, of course, nothing improper in the mayor and city officers defending the suit in the performance of their duty to the defendant. The controversy at the trial was over the extent of plaintiff's injuries, and a detective had secured testimony that plaintiff had a personal combat with a man in St. Louis in which plaintiff was victorious, and also that he climbed

through the transom over a door into a room occupied by him and the young woman who was his nurse. There was practically no dispute of these facts, and there was nothing whatever to cast any reflection upon any witness or other person. It is the duty of a court to preserve its own dignity and the respect due to the courts and the administration of the law, by not allowing counsel, under the pretense of arguing the case, to indulge in coarse and vulgar abuse of parties or witnesses. Such conduct on the part of counsel tends to bring the administration of law and the courts into disrepute, and to destroy the respect of litigants, jurors and the public for the courts and the law. A party litigant, however, can only complain where he has objected and obtained a ruling and excepted to it, or excepted to a refusal of the court to act. (*Elgin, Joliet and Eastern Railroad Co. v. Fletcher*, 128 Ill. 619; *Holloway* v. *Johnson*, 129 id. 367; *Marder, Luse & Co.* v. *Leary*, 137 id. 319; *West Chicago Street Railroad Co.* v. *Sullivan*, 165 id. 302; *North Chicago Street Railroad Co.* v. *Leonard*, 167 id. 618; *Chicago and Erie Railroad Co.* v. *Cleminger*, 178 id. 536.) As to this address generally, no such action was taken. Only one objection was made, and that was to one of the attacks on the mayor for the employment of a detective in St. Louis. The court said it was a matter of argument and might be answered. The objection was only to a minor matter, of but little importance as compared with other portions of the address to which no objection was made. Counsel were satisfied to permit the other and far more objectionable remarks to pass without protest, and in view of all the evidence we do not feel justified in reversing the judgment on account of the ruling. The jury were fully justified in adopting, as they did, the evidence for plaintiff as to the extent of the injuries sustained. It was undisputed that plaintiff's expenditures on account of the injuries had amounted at the time of the trial to $1465.45, and the damages were assessed at $3000. Plaintiff had

not recovered from the effects of the injury, and the verdict would indicate that either the address was its own antidote or any injurious effects were removed and obviated by the addresses of the two attorneys for the defendant, which the record shows followed in reply. We are satisfied that the defendant was not injured, and that the judgment should be affirmed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*