### WEST v. EAST COAST CEDAR CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 426.

1. APPEAL—REVIEW—ACTIONS TRIED TO COURT.

Where a cause is tried by a circuit court without a jury, by stipulation, and no special finding of facts is made, the general finding must be accepted by the appellate court as conclusive upon all matters of fact, the same as the verdict of a jury, and the only questions reviewable are the rulings of law on the trial and the sufficiency of the pleadings to support the judgment.

2. SAME.

Under the rule that a plaintiff in ejectment can only recover on the strength of his own title, a judgment for defendant in such an action, tried in a circuit court without a jury, based on a general finding in defendant's favor, cannot be disturbed by the appellate court, where the validity of plaintiff's title was put in issue by the pleadings, and under the evidence such issues depended on questions of fact.

3. EJECTMENT—DEFENSES—PROOF OF PARAMOUNT TITLE.

A defendant in ejectment may prove an outstanding paramount title to defeat plaintiff's recovery without connecting himself with such title.

4. APPEAL—REVIEW—HARMLESS ERROR.

On the trial of an action to the court, the reception of irrelevant evidence, which does not appear to have influenced the court's decision, is not ground for reversal.

113 F.—47

**5. FEDERAL COURTS—FOLLOWING STATE PRACTICE—PROCEEDINGS FOR REVIEW.**
In the federal courts, the practice, after judgment in an action at law, relating to proceedings for review in an appellate court, is regulated solely by act of congress, and is in no way affected or controlled by the state practice.[1]

**6. APPEAL—UNNECESSARY MATTER IN RECORD—HARMLESS ERROR.**
A circuit court has no power to determine what shall be incorporated in a transcript of the record sent up on a writ of error to the circuit court of appeals, and its action in directing the incorporation therein of testimony which it excluded as incompetent on the trial, and which is not contained in the bill of exceptions, is erroneous; but the error is harmless, and is not ground for a reversal of its judgment.

In Error to the Circuit Court of the United States for the Eastern District of North Carolina.

For opinion below, see 110 Fed. 725. See, also, Id. 727.

Thomas B. Womack, for plaintiff in error.

F. H. Busbee (E. F. Aydlett, on the brief), for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge.

SIMONTON, Circuit Judge. This case comes up by writ of error to the circuit court of the United States for the Eastern district of North Carolina. The action below was to try the title to certain lands in the state of North Carolina. By stipulation between counsel, duly made part of the record, the case was submitted to the court without the intervention of a jury. At the conclusion of the testimony for plaintiff and defendant the plaintiff asked the court to hold, on all the facts of the case, that the plaintiff is entitled to recover the one undivided third part in the land sued for, less two-sixteenths thereof. This the court declined to do, and plaintiff excepted. The court then held that upon the evidence the plaintiff was not entitled to recover, answering the issue on this point, "No." To this ruling plaintiff formally excepted. Judgment was entered for defendant. Petition for writ of error was allowed, and the case is here on assignment of errors.

The plaintiff, in his complaint, alleges that he is the owner and entitled to the immediate possession of one undivided third part of a tract of land in the county of Dare, state of North Carolina, being a portion of a tract of land known as the "Northern Half of the McRae Patent," which tract is then described by metes and bounds; that the defendant is in possession of the whole of said tract, and withholds unlawfully the possession of one undivided third part from plaintiff; that the defendant claims title to the whole tract from certain heirs at law of one Bannister H. Jarvis and one Levi Walker. The complaint then goes on and recites that Bannister H. Jarvis and Levi Walker, on April 22, 1851, received conveyance by deed of a tract of land, of which the lands described in the complaint constitute a part and portion, from one John Sikes, Sr.; that on January 28, 1813, John Sikes, Jr., received a conveyance of this tract of

---

[1] Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Insurance Co. v. Hall, 27 C. C. A. 392.

land in fee from John Sikes, Sr.; that John Sikes, Sr., had acquired an undivided interest in said lands with one Joseph Spence from Daniel Sawyer; that on May 6, 1812, Joseph Spence conveyed an undivided third to one Samuel Spruill, and that plaintiff holds this undivided third by sundry conveyances from the heirs of Samuel Spruill. So plaintiff and defendant claim title from the same person, Daniel Sawyer, who claimed under the McRae patent. The complaint then alleges that on information and belief defendant also claimed title under Samuel Spruill, which claim, however, is insufficient in law to establish title, yet it estops defendant from denying the title of Samuel Spruill. The answer sets up a claim of title by adverse possession under color of title by Jarvis and Walker, admits the Sikes deed to Jarvis and Walker, but denies that any other claim was made under it, except as color of title. Its claim of title is set out in these words:

"Answering the allegations of section 15 of the complaint, defendant denies that it claims any title by virtue of any conveyance from Samuel Spruill, but that Bannister H. Jarvis and Levi Walker owned, were in possession of, and claimed the land known as the 'Northern Half of the McRae Patent,' which includes the land described in section 2 of the complaint, and claimed the same under color of title from Joshua T. McCoy and John Sykes; that they claimed title to the entire northern half of the McRae patent; that they had adverse possession of it, which was of sufficient length to ripen their title into a perfect title; and the plaintiff and the defendant both claim under Bannister H. Jarvis and Levi Walker, whose title had ripened under color from John Sykes and McCoy to said Jarvis and Walker. And the defendant avers that the plaintiff is estopped to deny the title of the said Bannister H. Jarvis and Levi Walker to the said northern half of the McRae patent, and also to the lands described in section 2 of the complaint."

In the testimony was produced a grant or patent of all these lands to John Gray Blount, dated September 17, 1795. The McRae patent or grant is dated April 8, 1796. So the issues between the parties appear. His honor the trial judge did not make any special finding of facts with his conclusions of law. So the inquiry in this court must be limited to the sufficiency of the complaint and the rulings of law on the trial. Lehnen v. Dickson, 148 U. S. 72, 13 Sup. Ct. 481, 37 L. Ed. 373.

The cause having been tried by the court without a jury, this court cannot review the weight of the evidence, and can look only to see whether there was error in not directing a verdict for plaintiff, or whether there was no evidence to sustain the verdict as rendered. Lancaster v. Collins, 115 U. S. 222, 6 Sup. Ct. 33, 29 L. Ed. 373. If there be no special findings of fact, there can be no inquiry as to whether the judgment is supported. We must accept the general findings as conclusive upon all matters of fact, precisely as the verdict of a jury. Lehnen v. Dickson, supra. The trial court did not state separately its finding of facts and then its conclusions of law. This renders it difficult to consider this cause. But there can be found in the opinion of the court and in the exceptions the main facts in issue. These were: (1) The claim of the plaintiff that he holds a valid title, traced up to the McRae patent. This is denied by the defendant. (2) That the defendant holds title under the same patent. This the defendant also denies. (3) The existence of the

patent to John Gray Blount as older than the McRae patent. This does not seem to be denied. In seeking to establish his claim under the McRae patent, the plaintiff introduced conveyances from the heirs at law of Samuel Spruill. Defendant introduced a conveyance, dated May 22, 1832, purporting to convey, in the lifetime of H. G. Spruill, all his interest in the land. The deed is signed "Samuel Spruill, by H. G. Spruill." With the deed is this certificate: "This deed from Samuel Spruill to W. Foreman was exhibited in open court, and H. G. Spruill acknowledged that he signed it for Samuel Spruill, and by and with his direction and consent,"—certified by the clerk. One of the questions of fact was whether this deed was executed by H. G. Spruill as attorney for Samuel Spruill, or whether he signed it in the presence of, and for and instead of, Samuel Spruill. The deed was over 40 years old. The trial judge passed upon the facts, and held on the evidence that plaintiff was not entitled to recover. This would seem to end the case. "It is well settled that when a trial court, to which a cause has been submitted, makes a special finding of fact, this court has no authority to inquire whether the evidence supports the finding, but only whether the facts found support the judgment." Syracuse Tp. v. Rollins, 104 Fed. 961, 44 C. C. A. 277. In ejectment the plaintiff must recover on the strength of his own title, not on the weakness of his adversary. McNitt v. Turner, 16 Wall. 362, 21 L. Ed. 341. In the case at bar he rests his claim on the McRae patent, and seeks to trace his chain of title to it. The trial judge found that there existed a grant older and paramount to the McRae patent. He found also a defect in plaintiff's chain of title. To meet the paramount title, the plaintiff insists that the defendant and plaintiff claim under a common grantor. This defendant denies in its pleading and in the evidence. The trial judge so finds the fact in defendant's favor. The claim of defendant is an undivided estate in the whole tract, and this is so stated by the plaintiff himself, and the plaintiff insists that this claim is based on a paper title. Yet his whole case proceeds on the proposition that defendant cannot maintain this claim because of broken links in the chain of title. On the other hand, the defendant repudiates this, and stakes its case on possession under color of title adverse to and in contradiction of any claim behind Jarvis and Walker. It may be that it does this because of the defects in the paper title. It may be that, if called upon to prove its possession under color of title, it may fail. But under no rule of law can the defendant be called upon to prove any title until the plaintiff has first established prima facie his own title. Until this is done, "potior est conditio defendentis."

The plaintiff in error has filed six assignments of error. What has been said meets the fourth and fifth of these assignments. The first assignment of error is to the admission in evidence of the patent to John Gray Blount. There are two reasons given to sustain this assignment. The first is that plaintiff and defendant claim under the junior grant, and so defendant is estopped. As has been seen, the decision of the trial judge has overruled this. The second reason is that it was incompetent for the defendant to show a paramount outstanding title, without connecting himself with that title. But the

plaintiff must stand on his own title, not on the weakness of his adversary. In Marsh v. Brooks, 8 How. 223, 12 L. Ed. 1056, the court says:

"Where the same land has been twice granted, the elder patent may be set up as a defense by a trespasser, when sued in ejectment by a claimant under the younger patent, without giving further proof as to present ownership."

The second assignment of error objects to the introduction in evidence of a part of the record of the circuit court of appeals in a cause in which the present defendant in error, the Richmond Cedar Works, and the plaintiff in error here are parties, and insists that this record works no estoppel against the plaintiff in error. There is no way of discovering from the record the purpose of introducing that record. If it was introduced for the purpose of showing that defendant in error always based his claim on possession under color of title, it was relevant. If for any other purpose, it was irrelevant. But it does not seem to have influenced the judgment of the court, and so it is not a sufficient ground for reversal. Mining Co. v. Taylor, 100 U. S. 37, 25 L. Ed. 541; Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527, 23 L. Ed. 868; Railroad Co. v. Pratt, 22 Wall. 123, 22 L. Ed. 827.

For the same reason the third assignment of error, respecting the introduction in evidence of the judgment in Hawkins v. Richmond Cedar Works, 122 N. C. 87, 30 S. E. 13, is overruled.

The only remaining assignment of error is that the court erred in permitting evidence ruled out and excluded by the court as incompetent to be incorporated in the transcript of the record to this court. Of course, this was error, but not reversible error. This court will not consider this part of the record at all. No doubt this was incorporated in the record under misapprehension of the practice in writs of error from this court, or some confusion of our practice with the practice in the state court. In cases at law the practice of the federal court follows as nearly as may be the practice in the courts of the state, and in which they exercise jurisdiction (Rev. St. § 914), up to and including the judgment. Everything after judgment, looking to its review in an appellate court, is regulated solely by act of congress, and is in no way affected or controlled by state practice. Muller v. Ehlers, 91 U. S. 251, 23 L. Ed. 319; Whalen v. Sheridan (C. C.) 5 Fed. 494; U. S. v. Train (C. C.) 12 Fed. 853; Fleitas v. Richardson, 147 U. S. 538, 13 Sup. Ct. 429, 37 L. Ed. 272. In order to obtain relief from supposed errors in a trial at law, a writ of error must be sued out of the appellate court. With this writ of error the record must go up,—the whole record, unless the parties by stipulation agree to except unnecessary parts of it. With the record go up such portions of the testimony as are needed to elucidate the exceptions taken at the trial. This record is prepared by the clerk, aided by the counsel in the case. With it the trial court has no concern, and over it no control. If a difference of opinion arises between counsel as to the preparation of the bill of exceptions as to what and what character of exceptions were taken at the trial, this difference the trial judge settles. Beyond this he does not concern himself. If the record sent up is too meager, the appellate court,

upon proper application, settles it by a certiorari. Redfield v. Parks, 130 U. S. 625, 9 Sup. Ct. 642, 32 L. Ed. 1053; Hoskin v. Fisher, 125 U. S. 217, 8 Sup. Ct. 834, 31 L. Ed. 759. If it contain unnecessary matter, the appellate court can rectify this in fixing the costs of the case. In no event can the mere existence in the record of testimony excluded by the court, and not considered by it, and not brought up by bill of exception, work a reversal here.

The decree of the circuit court is affirmed.