## CASCADEN v. BELL.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919.)

No. 3226.

1. PLEADING ⊚⇒367(2)—COMPLAINT—MOTION TO MAKE MORE DEFINITE.
    Where the matters involved were within defendant's knowledge, and after the opening statement of counsel defendant was granted a continuance, on the ground that matter had been brought out which was not anticipated, the denial of defendant's motion for plaintiff to make the complaint more definite and certain *held* not an abuse of discretion.

2. PLEADING ⊚⇒367(6)—COMPLAINT—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
    A motion to require plaintiff to make his complaint more definite and certain is addressed to the court's sound discretion.

3. FRAUDS, STATUTE OF ⊚⇒49—AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.
    Defendant's agreement that, if plaintiff would reduce the price of a mining claim in favor of the holder of an option to purchase, defendant would pay to plaintiff the amount of the reduction, as soon as the holder of the option paid a debt due to defendant, though oral, was not within the statute of frauds, as one not to be performed within a year, as payment might be made immediately.

4. FRAUDS, STATUTE OF ⊚⇒33(2)—PROMISE TO ANSWER FOR DEBT OF ANOTHER.
    Where defendant, to protect his interest in a mining claim from relocation by the holder of an option to purchase plaintiff's claim, agreed that, if plaintiff would reduce the price, he would make up the same, such agreement, though oral, was not within the statute of frauds, for, whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary purpose of his own, the promise, though it may be in form a promise to pay the debt of another, is not within the statute.

5. EVIDENCE ⊚⇒419(1), 461(1)—PAROL EVIDENCE RULE—RECEIPTS—CONSIDERATION—INTENT.
    Although plaintiff executed a receipt reciting payment of part of the consideration by the holder of an option to purchase a mining claim, parol

evidence is admissible to show that the consideration named was not paid, but that he received a note or assignment from defendant and his oral promise to pay balance, and that the intention was to reduce the sum payable under the option.

6. APPEAL AND ERROR ☜1054(1)—REVIEW—REVERSAL.

Where a case is tried by the court without a jury, the improper admission of evidence is no ground for reversal, where there was other evidence in the record sufficient to sustain the court's finding.

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Action by Albert Bell against D. H. Cascaden. There was a judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff, Bell, in an action to recover money from the defendant, Cascaden, set forth sufficient of the facts which were found by the court below to constitute a cause of action, but erroneously alleged that the payment received by him from the defendant was $500, instead of $1,000, and he demanded judgment for $4,500. A jury trial was waived, and the cause was tried before the court. As found by the trial court the facts are these:

After the relocation of the Totem, McCarty relocated the remainder of the Leitrim claim. Thereafter O'Connor ascertained that the Totem fraction had been located off the lower end of the Leitrim, and that the Leitrim claim as originally staked did not contain an excess of 40 acres, and he protested to McCarty against the restaking of both claims. McCarty refused to surrender his rights unless the option price set forth by Bell in his agreement with him be reduced by $5,000. O'Connor communicated this to Cascaden. Immediately thereafter Cascaden told Bell of the relocation of the Leitrim claim by McCarty, and the protest made by O'Connor against the restaking of the Totem fraction, and told Bell that the only way in which the Leitrim could be saved would be for Bell to reduce his option price in his agreement with McCarty by $5,000, and also said that McCarty owed him (Cascaden) a large sum of money, in excess of $11,000, and that, if Bell would reduce his option price to McCarty by the sum of $5,000, he would pay

Bell the sum of $5,000, that he would give him an order for $1,000, payable from the output of the Leitrim claim, and would pay him the remaining $4,000 as soon as he collected said money from McCarty, which would be paid by McCarty not later than the summer of 1916. In consideration of that promise Bell agreed to reduce by $5,000 the amount McCarty would be required to pay him under the option agreement, and Bell, in fulfillment of his agreement with Cascaden, on or about May 15, 1915, delivered to McCarty a formal receipt and release for the sum of $5,000, reciting that he had received said sum from McCarty; but no money was paid to him at that time, and said receipt was given for the purpose of releasing McCarty from obligation to pay Bell $5,000, and for no other reason.

Immediately after the delivery of the receipt to McCarty, and in fulfillment of his agreement with O'Connor, McCarty removed from the Leitrim claim the stakes of the Totem fraction, surrendered to Cascaden and his co-owners possession of the ground covered by the Totem, and abandoned all claim to any part of the Leitrim as originally staked. On or about May 17, 1917, Cascaden and O'Connor delivered to Bell an order for $1,000, payable out of the gold extracted from the Leitrim claim, and on May 26th following the assignment was typewritten in a more formal manner than the order, and was signed by Cascaden and Sherry, through his attorney in fact, and was accepted by Bell for the sum of $1,000 in part payment of the $5,000 to be paid by Cascaden to him. Thereafter Cascaden received payments from McCarty from time to time on account of the latter's indebtedness to him, and by the expiration of the summer of 1916 the indebtedness was fully paid.

Upon these findings the court found as conclusion of law that the plaintiff was entitled to a judgment against the defendant for the sum of $4,000, with interest from October 1, 1916, and costs.

Morton E. Stevens and A. R. Heilig, both of Fairbanks, Alaska, and Thomas R. White, of San Francisco, Cal., for plaintiff in error.

McGowan & Clark and Leroy Tozier, all of Fairbanks, Alaska (De Journel & De Journel, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] In the complaint it was alleged that certain difficulties arose between McCarty and the defendant, and that for the purpose of settling and adjusting said difficulties the defendant applied to the plaintiff for the reduction of the option price in the plaintiff's agreement with McCarty by the sum of $5,000. The defendant moved that the plaintiff be required to make his complaint more definite and certain, and to set forth the nature of the difficulties between defendant and McCarty. The motion was denied, and that ruling is assigned as error. It is not shown, nor can it be deduced from anything in the record, that the denial of the motion prejudiced the defendant in any way. The difficulties which he had with McCarty were within his own knowledge, and it is not shown that he was taken by surprise by the evidence which was adduced. After the opening statements of counsel for the plaintiff, the defendant asked for a continuance on the ground that matter had been brought out that had not been anticipated, and he was granted a continuance for the time he asked for. The motion was addressed to the sound discretion of the court below, and it is clear that there was no abuse of discretion. 31 Cyc. 645; Cathcart v. Peck, 11 Minn. 45 (Gil. 24); City of Lawton v. Hills, 53 Okl. 243, 156 Pac. 297.

[3] It is contended that the defendant's promise to the plaintiff was void under the statute of frauds of Alaska. Comp. Laws 1913, §§ 1875–1880. That statute makes void an agreement, unless the same or some note or memorandum thereof expressing the consideration be in writing and subscribed by the party to be charged, or his lawfully authorized agent:

"(1) An agreement that by its terms is not to be performed within a year from the making thereof; (2) an agreement to answer for the debt, default, or miscarriage of another." Section 1876.

This case comes within neither of those provisions. In the first place, the agreement was not one which by its terms was not to be performed within a year from the making thereof. No time was specified for the payment of the balance of $4,000. It was to be paid as soon as McCarty paid the defendant what he owed him. McCarty then owed the money and he might have paid it at any time when he chose to do so. This clause of the statute has been construed in many decisions. It is sufficient to refer to McPherson v. Cox, 96 U. S. 404, 416, 24 L. Ed. 746; Walker v. Johnson, 96 U. S. 424, 427, 24 L. Ed. 834, and Warner v. Texas & Pac. Ry., 164 U. S. 418, 17 Sup. Ct. 147, 41 L. Ed. 495, in all of which cases it is held that the statute applies only to contracts which by their terms are not to be performed within a year, and not to contracts which may or may not be performed within that time.

[4] In the second place, the defendant's agreement was not to answer for the debt, default, or miscarriage of another. On the receipt of the defendant's promise, the plaintiff reduced his demand against McCarty by $5,000, a demand which was evidenced by an instrument in writing, and in lieu thereof accepted the defendant's oral promise as to $4,000 of that sum. The defendant made the promise, not for the purpose of answering for McCarty's debt, but to subserve his own interests. In Emerson v. Slater, 22 How. 28, 43 (16 L. Ed. 360), the court said:

"Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability."

To the same effect is Davis v. Patrick, 141 U. S. 479, 488, 12 Sup. Ct. 58, 35 L. Ed. 826.

[5] Numerous assignments of error are directed to the rulings on the introduction of testimony. In none of them do we find merit. One error assigned and principally relied upon is that parol testimony was admitted to contradict the terms of the written instrument executed and delivered by the plaintiff to McCarty of date May 15, 1915, reciting the disputes that had arisen concerning the Totem fraction and the Leitrim claim, and the desire of the parties to compromise, and continuing:

257 F.—59

"Now, therefore, witnesseth: That whereas, Albert Bell would receive $10,000 for the property involved, and in compromise of said controversy the parties hereto agree that said Albert Bell hereby acknowledges the receipt of $5,000 in hand paid as part payment of said option, and is willing to take $5,000 at the expiration of said option as payment in full."

The plaintiff was permitted to testify, over the objection of the defendant, that he did not receive $5,000 at that time, that the intention of the instrument was to reduce the sum payable under the option, and that what he did receive was a note or assignment from the defendant for $1,000, payable out of the output of the Leitrim claim, and the defendant's oral promise to pay him $4,000. The effect of the testimony was but to explain the nature of the transaction as between the plaintiff and McCarty, and it was permissible. 17 Cyc. 629. McCarty corroborated the plaintiff's testimony. It would serve no useful purpose to review further the exceptions taken to the introduction of testimony.

[6] The case having been tried by the court without a jury, the improper admission of evidence, if any such was admitted, is not ground for reversal, where, as here, there is other evidence in the record sufficient to sustain the findings of the court. Streeter v. Sanitary Dist. of Chicago, 133 Fed. 124, 66 C. C. A. 190; West v. East Coast Cedar Co., 113 Fed. 737, 51 C. C. A. 411; Oates v. United States, 233 Fed. 201, 205, 147 C. C. A. 207. We find in this case ample evidence to sustain all the findings. The court below was called upon to ascertain the truth from the conflicting testimony of the plaintiff and the defendant. The plaintiff's testimony is largely corroborated by that of the other parties who were interested in the transactions referred to in the findings.

We find no error. The judgment is affirmed.