## OAKLAND WATER FRONT CO. et al. v. LE ROY et al.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922. Rehearing Denied October 9, 1922.)

No. 3852.

1. **Appeal and error ⬤⟾850(1)—Review confined to alleged errors of law, in view of evidence and absence of request for special findings.**

There having been no request for special findings, and having been ample evidence in the testimony of men experienced in valuing submerged land situated in the vicinity of that of plaintiffs to sustain the conclusion of fact in the judgment for damages for trespass, review is confined to alleged errors of law.

2. **Trial ⬤⟾89—Testimony on direct not subject to motion to strike because of testimony on cross.**

Though witness' answer on cross-examination may have affected the weight to be given to his testimony on direct, wherein he placed certain value on land, such testimony is not thereupon subject to strike; it being competent, and having been given without objection.

3. **Evidence ⬤⟾558(8)—Opinion of witness to value in court's discretion.**

Allowing a witness, who had placed a certain value on the land, for trespass on which the action was brought, to give his judgment of the value of another such piece of the same size in the vicinity, was within the court's discretion; witness having previously testified concerning the elements entering into the value of the property in the vicinity.

4. **Evidence ⬤⟾219(1)—Offer of exchange competent on value.**

Evidence that, previous to defendants' trespass, for which action is brought, they made an offer of exchange, for plaintiffs' land, of other such land of equal area in the vicinity, is competent by way of admission as to the then considered value of plaintiffs' land, though thereafter conditions may have changed, as the court would presumably give weight to any evidence of change before the trespass.

5. **Evidence ⬤⟾113(2)—Offer of exchange as evidence of value held not too remote.**

An offer of exchange of other land for that trespassed on, though four years before the trespass, cannot be said to be so remote that evidence thereof is incompetent in ascertaining the value of the land trespassed on at the time of the trespass.

6. **Appeal and error ⬤⟾206(1)—Failure to make ruling not available, in absence of request and exception.**

Defendants cannot predicate error on the court having made no ruling on evidence which they offered, and which plaintiffs allowed to go in subject to objection; defendants not having urged the court to make a ruling, nor taken an exception.

7. **Appeal and error ⬤⟾882(8)—Party may not complain of admission of his own testimony.**

A party cannot base error on the admission of his own testimony.

Action by Eugene Le Roy and another against the Oakland Water Front Company and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

Harrison S. Robinson and Harry L. Price, both of Oakland, Cal. (R. W. Macdonald, of Oakland, Cal., of counsel), for plaintiffs in error.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. S. Pillsbury, F. D. Madison, Alfred Sutro, H. D. Pillsbury, Oscar Sutro, Felix T. Smith, and R. H. Morrison, all of San Francisco, Cal., for defendants in error.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

HUNT, Circuit Judge. In an action in trespass committed in 1916, tried by the court, the Le Roys, plaintiffs below, recovered judgment for $20,000 damages against the Oakland Water Front Company. The land involved is known as tract 27 of the Alameda marsh land in Alameda estuary, California. As the water front company was clearly guilty, the issue was the damage done to the lot.

It is gathered from the record that some years ago the parties to this litigation and others were tenants in common of a large tract, but by partition suit the acre involved in this action was set aside to the Le Roys, and the property surrounding it on three sides was set aside to the defendant water front company. Before the trespass the water front company offered to exchange some of the property which it owned for the Le Roy acre, but nothing was accomplished. Thereafter, in a communication addressed to the United States Engineer's office, the Oakland Water Front Company, after reciting that it was the owner of property fronting on Oakland harbor, as indicated upon a diagram in which the property here involved was indicated as belonging to the corporation, applied for permission to dredge the property to a depth of 30 feet at low tide, and thereafter under a contract the land was dredged by the water front company to the depth mentioned.

The contention of the Le Roys, plaintiffs below, was that their acre fronted on the pierhead and bulkhead lines established in 1907, and that it had a necessary way across the property of the Oakland Water Front Company; while the defendant water front company contended that the Le Roy acre was so submerged below the high tide line, by the establishment by the Secretary of War of pierhead and bulkhead lines in 1913, that the only use which could be made of the property was to build a pile structure on two-tenths thereof; that it had no way of access other than over the waters of the estuary; that it had been largely cut away by previous dredging operations of the United States government; and that the removal of the mud had not materially affected the value of the property.

[1] No requests for special findings by the District Court were made, and as there was ample evidence given by men experienced in valuing submerged land situate in the vicinity of the Le Roy acre to sustain the conclusion of fact by the court, we are confined to the alleged errors of law. H. F. Dangberg, etc., Co. v. Day, 247 Fed. 477, 159 C. C. A. 531; Pabst Brewing Co. v. E. Clemens Horst Co. (C. C. A.) 264 Fed. 909; United States v. Penn. & Lake Erie Dock Co. (C. C. A.) 272 Fed. 839; Société Nouvelle D'Armement v. Parnaby, 246 Fed. 68, 158 C. C. A. 294.

[2] A witness of special experience in the valuation of water front lands in and about the Oakland estuary, after testifying at length

concerning the location of the Le Roy acre and its condition before and after the dredging of 1916, placed its value in 1916 at $40,000. No objection was made to any of the testimony of the witness given on direct examination, and on cross-examination the witness was examined at length as to the elements which made up the value which he put upon the property. Witness was asked if there were any way of getting from the road except out over the estuary, and he said he thought there was not, but that he had assumed such a road could be obtained, and upon that assumption placed his valuation upon the lot. Defendants below then moved that the answer of the witness be stricken out, as not based on the evidence or facts. We think the court was right in overruling the motion. The testimony was competent, and although the answer may have affected the weight to be given to the testimony, the motion to strike it out was not well taken. Jones on Evidence, § 895; State v. Forsha, 190 Mo. 296, 88 S. W. 746, 4 L. R. A. (N. S.) 576.

[3] Another witness placed a value of $25,000 upon the Le Roy acre, and was asked to give his judgment of the value of a piece of improved water front property of the area of the Le Roy property in the vicinity where the Le Roy acre is situate. Defendants objected, on the ground that the question was immaterial, irrelevant, and uncertain, "and not understandable." The objection was overruled, and the witness answered. Inasmuch as the witness had previously testified concerning the elements which entered into the value of property in the vicinity of the Le Roy acre, it was within the discretion of the court to allow the question to be answered.

[4] The plaintiffs below were permitted to introduce in evidence a written proposition made in 1912 by the water front company to plaintiffs' agents, asking the Le Roys to consider the making of an exchange of their land for an equal area in the same vicinity with the same frontage upon a new pierhead line. The proposed area for exchange appeared upon a map accompanying the proposition. Plaintiffs in error objected, and the court reserved its ruling. Plaintiffs in error now complain. They are correct in saying the exchange never was made; but, in our opinion, it was none the less competent to permit the letter suggesting the arrangement to be introduced in evidence, not for the purpose of showing an attempted compromise, but by way of an admission on the part of the water front company that at the time of the proposed exchange it was willing to give the Le Roys an acre of ground which was worth as much as the acre now in question, and also that the water front company did not then regard the value of the Le Roy property as lessened by the circumstance that it had no sea or rail access. Wigmore on Evidence, § 1048. That surrounding conditions may have changed since the date of the proposition does not make such evidence inadmissible. The court, presumably, would consider evidence of any such changes, and would weigh the evidence with due regard to the situation actually existing in 1916.

[5] It cannot be said that the proposed exchange was so remote that the evidence became incompetent in ascertaining the value of the Le Roy acre in 1916. Granting that the War Department of the

United States proceeded to fix harbor lines in 1913, and that changes were made in the portion of the harbor line where the Le Roy acre is situated, it was proper for the court to ascertain all the circumstances which tended to explain the physical situation, to the end that the evidence of value at the time of the trespass might be arrived at. Montgomery v. Sayre, 100 Cal. 182, 34 Pac. 646, 38 Am. St. Rep. 271.

[6, 7] Counsel for the water front company offered in evidence certain proceedings by which the United States pierhead and bulkhead lines of 1913 were established. The documents offered appear to have been regularly certified to by the Chief of Engineers of the United States Army and the Assistant Secretary of War. Counsel for the Le Roys objected on the ground that the action of the United States government was not binding on them, unless it appeared that the Le Roys or their predecessors in interest were parties to the proceedings, or that steps had been taken to compensate the Le Roys for running the pierhead line over their property. Counsel for the Le Roys allowed the evidence to go into the record, subject to their objection. No ruling was made by the court, and counsel for defendants below did not urge the court to make a ruling. The failure of the court to make a definite ruling cannot avail plaintiffs in error, as no exception was taken at the time, and no motion to strike out was made. Under such circumstances error cannot be predicated. See cases infra, and People v. Westlake, 62 Cal. 303; Salem v. Webster, 192 Ill. 369, 61 N. E. 323; Mitchell v. C., B. & Q. Ry., 265 Ill. 300, 106 N. E. 833.

Furthermore, the Le Roys, of course, waived their objection and surely defendants cannot base error upon the admission of their own testimony. There is, therefore, no question presented for review by this court. Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Arthurs et al. v. Hart, 17 How. (58 U. S.) 6, 15 L. Ed. 30; Consolidated Coal Co. v. Polar Ice Wave Co., 106 Fed. 798, 45 C. C. A. 638; Gibson v. Luther, 196 Fed. 203, 116 C. C. A. 35; Los Angeles Gas & Elec. Co. v. Western Gas Co., 205 Fed. 707, 124 C. C. A. 75; United Verde Extension Co. v. Koso (C. C. A.) 273 Fed. 369; Cascaden v. Bell, 257 Fed. 926, 169 C. C. A. 76. In Société Nouvelle D'Armement v. Barnaby, supra, counsel stipulated that the evidence of the plaintiff might be introduced subject to the objection of the defendant, whereas in the instant case, as pointed out, it was defendants who offered the evidence as to the pierhead line, and it was plaintiffs who objected, but who then, without asking a ruling, allowed the evidence to go in. The case, however, is authority for the general rule that in the absence of an exception duly taken, or of a request for special findings, the appellate court will not look into the evidence.

It is suggested that Cascaden v. Bell, supra, is to be distinguished in its applicability to the present case, in that there certain testimony was corroborated by the evidence of other witnesses. We may assume, without conceding the accuracy of the contention, that corroboration is relevant in the consideration of the point, and still plaintiffs in error must fail, for we have the testimony of an experienced land

appraiser, who put the value of the Le Roy acre in 1916 at approximately $50,000, and to whose evidence as to value no exception was made. There is also the evidence of a witness who made an estimate of $25,000 upon the distinct assumption that the Le Roy property had no access to roads, and that in May, 1916, the pierhead line as established by the United States crossed the Le Roy acre at a described place, and that the bulkhead line was entirely landward of the Le Roy tract.

It follows, from what we have said and the cases cited, that the record fails to disclose that the court formulated its judgment upon an erroneous basis of fact or law.

The judgment is affirmed.