## GEIGER v. TRAMP et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 6035.

1. **Appeal and error ⬉181—Court can only review actions at law for errors directly and specifically challenged below.**

Under Rev. St. §§ 649, 700, 1011 (Comp. St. §§ 1587, 1668, 1672), Circuit Court of Appeals cannot retry action at law and render such judgment as in its opinion should have been rendered, but ' can only review such actions, according to the course of common law, as modified by statute, for such errors of law as were directly and specifically challenged in the trial court.

2. **Appeal and error ⬉846(2)—Legal effect of instrument not reviewed, in absence of request for declarations of law and exception to ruling.**

Assignment of error raising question as to legal effect of trust agreement introduced below is not reviewable, where plaintiff did not request a declaration of law as to its legal effect and except to the court's ruling thereon.

3. **Appeal and error ⬉237(2), 260—When instrument admitted without ruling as to legal effect, and no motion to strike was made or exception to its consideration taken, there was nothing for review.**

Where the court, in action tried without a jury, admitted a trust agreement over objection, without then passing on its legal effect, and plaintiff made no motion to strike it out, and took no exception to its consideration by the court, there was nothing on which error could be predicated.

4. **Appeal and error ⬉846(2)—Assignment complaining of ruling that plaintiff was put on inquiry not considered, without motion or request for declaration of law.**

An assignment of error complaining of the trial court's alleged ruling that plaintiff was put on inquiry as to the true purpose of indorsements of notes and the circumstances under which they were made presents nothing for review, when the question was not raised at the trial by any motion or requested declaration of law.

5. **Appeal and error ⬉733—Assignment that judgment went for wrong party not reviewable.**

An assignment of error, in case tried without a jury, that the judgment under the pleadings and evidence went for the wrong party, presents nothing for review.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action by Jacob Geiger against H. L. Tramp and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lucian J. Eastin, of St. Joseph, Mo. (Eastin & McNeely, of St. Joseph, Mo., on the brief), for plaintiff in error.

E. F. McEniry, of Creston, Iowa (Higbee & McEniry, of Creston, Iowa, on the brief), for defendants in error.

Before LEWIS, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. This was an action at law, the petition containing 26 counts, brought to enforce payment of the contents of a like number of promissory notes made to what is called a common-law trust, namely, The Clinton Townsite & Farm Development Com-

pany. Defendants were the trustees of said trust, and were sought to be maintained liable for the payment of the notes as individual indorsers of the paper. One of said notes, with the indorsement of defendants thereon, reads, as follows:

"350.00             Creston, Iowa, July 29, 1912.

"On or before July 29, 1916, I promise to pay to the Clinton Townsite & Farm Development Company, or order, at the office of its treasurer in Creston, Iowa, three hundred fifty and no/100 dollars, with interest at six per cent. per annum after date, payable annually, and a reasonable attorney's fee if collected by an attorney. Value received.          Fred S. Freeman."

This paper was indorsed:

"The Clinton Townsite & Farm Development Company, H. L. Tramp, J. C. Sullivan, C. A. Allen, Trustees. C. S. Rice. Jennie A. Rice."

There is no attempt in this action to bind either the trust or its property or the indorsers Rice. As the indorsements on all of the notes are identical, no other need be referred to or set forth.

It was the theory of the plaintiff the indorsement set out bound the trustees making it personally to payment of the obligations. On the contrary, it was the claim of defendants they acted in making the indorsements as the trustees or representatives merely of the trust; that their action in making the indorsements was to convey the legal title to the paper, and while the trust was bound by their acts in so doing, in so far as any property held by the trust in making the indorsements, they did not bind themselves as individuals; and in support of this contention they pleaded in defense a provision of the trust agreement, which was duly made, filed, and recorded in the proper office of the county in Colorado in which the trust was engaged in operating townsite, real estate and other business. This provision of the trust agreement under which the trust was created, reads as follows:

"The trustees shall have no power to bind the shareholders personally, and in every written contract they shall enter into reference shall be made to this declaration of trust, and the person or corporation contracting with the trustees shall look to the funds and property of the trust for the payment under such contract, or for the payment of any debt, mortgage, or judgment or decree, or of any money that may otherwise become due or payable by reason of the failure on the part of said trustees to perform such contracts in whole or in part, and neither the trustees nor the shareholders, present or future, shall be personally liable therefor."

By way of reply to this contention made by the defendants in answer, the plaintiff alleged the mandatory provision of this condition of the trust agreement, that reference should be made in all contracts entered into by the trustees to the agreement itself, was not obeyed by defendants as trustees in the making of the indorsements on the promissory notes in action, therefore the provision of the agreement above quoted afforded defendants no protection from individual liability. While some of the counts of the petition were dismissed before trial by the plaintiff, as to the remainder a jury was waived and the trial had to the court, and a general finding and judgment therein was entered for defendants. Plaintiff below brings error. For convenience, the parties will be referred to in this opinion as they stood on the record in the court below.

At the outset we are confronted with the contention, made on behalf of defendants, that as shown by the record made in the court below there is no question of error raised on this record which may be considered or reviewed by this court. As before stated, the intervention of a jury to try the case was waived in writing and the case was tried to the court. On the trial the court found generally for defendants and against the plaintiff. An examination of the record discloses no request was made of the court to make special findings of facts, and none were made. There were no declarations of law arising on the facts requested to be made of the trial court, and none were made. The record shows merely an exception taken to the action of the court in rendering judgment.

[1] This court as a reviewing tribunal has no power to retry an action at law and render such judgment as in its opinion should have been rendered by the trial court. On the contrary, it is empowered to review actions at law according to the course of the common law, as modified by statute, when a cause is brought here on petition in error, for such errors of law as were directly and specifically challenged in the trial court. When we come to a consideration of the errors assigned by plaintiff, it is clearly disclosed as follows:

Assignment No. I relates to the articles of association of the trust, and the admission of such written articles of association in evidence when offered by the defense, and it is contended in the assignment made said writing is not competent to affect the rights of the plaintiff in error and should have been excluded for the following reasons:

"Plaintiff in error sued on the contract of indorsement. That contract appears on the back of the note, and does not make reference to the declaration of trust as required by that instrument. The provisions of the declaration of trust, not having been obeyed, ·defendants in error were left to the liability imposed by the contract they actually made.

"The terms of the contract contained in the indorsement are plain. That contract is definite. It fixed liability, and could not be supplemented or modified by the writing referred to.

"The writing, even, if the most favorable construction be given it, does not constitute a defense to the action upon the indorsement. The indorsement was made by defendants in error as individuals, and it was not competent by this writing to relieve them.

"The writing creates but an association. That association is not an entity known to the law. It cannot sue or be sued. Defendants in error are therefore the principal, and must personally answer legal demands arising in the conduct of the business transacted.

"The writing empowered the defendants in error to make contracts and thus create legal obligations. Upon these obligations the defendants in error must respond at law. Equities may be adjusted between defendants in error and their beneficiaries [the shareholders], but not between them and those with whom they contract."

[2] Now, had the trial court been requested by plaintiff to make declarations of law as to the legal effect of this written agreement, which requests to declare the law embodied the language or the legal ideas employed in this assignment, and had such request been denied by the trial court, and exceptions to such rulings saved, then the question of law attempted to be urged would have come up for review before this court. However, nothing of the kind was done.

[3] Again, in so far as the assignment of error complains of the reception of the articles of agreement in evidence is concerned, the record discloses the facts to be, as follows: When the same were offered, counsel for the plaintiff stated his objection, as follows:

"The plaintiff objects to the exhibit, for the reason that it is incompetent, irrelevant, and immaterial to any issue in this case. It is not articles of incorporation with relation to a corporation that is authorized by the laws of this state or of Colorado. It is not articles of limited partnership authorized by this state or by the laws of Colorado. It is nothing but a voluntary association of individuals, and creates no entity that is recognized by the laws of this state or the state of Colorado.

"The Court: The court will not pass upon the legal effect of it, but it is pleaded here as one of the elements of defense. The instrument may be admitted, and the legal effect of it will be hereafter determined."

Thereafter no motion was made by plaintiff to strike the same out, and no exception was taken to the court giving the same consideration, if consideration of the writing was by the court given. In Oakland Water Front Co. v. Le Roy (C. C. A.) 282 Fed. 385, it was held:

"Counsel for the Le Roys allowed the evidence to go into the record, subject to their objection. No ruling was made by the court, and counsel for defendants below did not urge the court to make a ruling. The failure of the court to make a definite ruling cannot avail plaintiffs in error, as no exception was taken at the time, and no motion to strike out was made. Under such circumstances error cannot be predicated. See cases infra, and People v. Westlake, 62 Cal. 303; Salem v. Webster, 192 Ill. 369, 61 N. E. 323; Mitchell v. C., B. & Q. Ry., 265 Ill. 300, 106 N. E. 833."

[4] Assignment of error No. II relates to an alleged error of the trial court in ruling from the evidence the plaintiff at the time he acquired the notes was in possession, or should have been, of such facts as would have put him upon inquiry of the circumstances under which the indorsements were made and the true purpose of such indorsements. However, in no manner was this question raised at the trial by any motion or requested declaration of law, and in view of the authorities hereinafter cited cannot be reviewed.

[5] The only other assignment of error, No. III, is merely that the judgment under the pleadings and evidence went for the wrong party. Therefore what claim of error is there presented on this record, which may be examined or corrected, if found to be well taken? Under the settled rules of procedure established in our national courts, by a wealth of decisions controlling here, as the record of the trial of this case is made up, and under the assignments of error contained therein, we find no claim of error presented in such manner as to be reviewable by this court. Section 649, Revised Statutes (Comp. St. § 1587), provides as follows:

"Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Section 700 (Comp. St. § 1668) provides:

"When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to

section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or on appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Section 1011 (Comp. St. § 1672) provides:

"There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

The question here presented was very carefully considered by Judge Sanborn in Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622. It is there said:

"The only question the specifications of error attempt to present is whether or not the evidence, which is conflicting, sustains the finding and judgment of the court. They invite this court, in other words, to retry this case and to determine whether or not under the applicable law the weight of the evidence sustains the finding and judgment. But the case was tried by the court below without a jury, and its decision of that issue is not reviewable in this court. It is, like the verdict of a jury, assailable only on the ground that there was no substantial evidence in support of it, and then it is reviewable only when a request has been made to the trial court before the close of the trial that it adjudge, on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue in favor of the requesting party. No such request was made in this case, and the specifications of error, therefore, present no question reviewable by this court. When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700]), and a finding of fact contrary to the weight of the evidence is an error of fact.

"(2) The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. United States Fidelity & Guaranty Co. v. Board of Com'rs, 145 Fed. 144, 150, 151, 76 C. C. A. 114, 120, 121 and cases there cited; Mercantile Trust Co. v. Wood, 60 Fed. 346, 348, 349, 8 C. C. A. 658, 660, 661; Barnard v. Randle, 110 Fed. 906, 909, 49 C. C. A. 177, 180; Barnsdall v. Waltemeyer, 142 Fed. 415, 417, 73 C. C. A. 515, 517; Bell v. Union Pacific R. Co., 194 Fed. 366, 368, 114 C. C. A. 326, 328; Seep v. Ferris-Haggarty Copper Min. Co., 201 Fed. 893, 894, 895, 896, 120 C. C. A. 191, 192, 193, 194; Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 784, 127 C. C. A. 332, 334.

"(3) There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling. Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476; Webb v. National Bank of Republic, 146 Fed. 717, 719, 77 C. C. A. 143; Union Pacific R. R. Co. v. Thomas, 152 Fed. 365, 372, 81 C. C. A. 491, 498; Armour Packing Co. v. United States, 153 Fed. 1, 16, 82 C. C. A. 135, 150, 14 L. R. A. (N. S.) 400. The only exceptions taken by counsel for defendant that might possibly have related, in their mind, to any ruling of the court below on any question of law which

they discussed in this case, are those set out in the foregoing statement, which were taken at the conclusion of the trial court's oral statement of its intended finding of facts and opinion. They are so general, indefinite, and clearly insufficient to sustain any right to a review of any ruling of the court below in this case that it would be useless to discuss them, because they fail to point out to or to inform the court below of any specific ruling he has made, or would in the future make, that counsel claim was or would be erroneous. They amount to nothing more than a statement that the defendant excepted to everything that the court had said and done, and to everything that it might thereafter say and do, in the trial of the case, or the entry of judgment therein.

"Because no exceptions were taken and no specifications of error were made in this case, which present to this court for review any questions of law discussed by counsel in this case, the judgment below is affirmed."

In Ewert v. Thompson et al. (C. C. A.) 281 Fed. 449, Judge Carland, writing the opinion, held as follows:

"Prior to the filing of these findings the plaintiff had made no request for findings of fact, either general or special, nor for any declaration of law in his favor, nor had he taken any step which, if ruled upon by the trial court and an exception taken thereto, would have permitted this court to review the sufficiency of the evidence to support the findings or judgment. It would require a page of the Federal Reporter on which to cite the cases in the Supreme Court of the United States and in this court in support of the above statement. As this court has said, the cases referred to have been cited and the rule stated with tiresome reiteration. Section 649, supra, provides: 'The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.'"

It follows the judgment entered below must be affirmed.