ADA D. BRENNAN, Defendant in Error, *vs.* THE CITY OF STREATOR, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. MUNICIPAL CORPORATIONS—*a city is not bound to keep its streets absolutely safe.* A municipal corporation is not bound to keep its streets absolutely safe for persons passing over any part of them, but its duty is to exercise ordinary care to keep its streets and sidewalks reasonably safe for persons using them who are themselves exercising ordinary care.

2. SAME—*city need not improve all parts of street for passage.* It is lawful for a city to improve certain parts of a street for the use of vehicles and certain parts for foot passengers, and to permit other parts, not required for travel, to be occupied by trees, posts, hydrants, poles, etc.; and such obstructions do not constitute a violation of the city's duty toward the public, provided the street still remains reasonably safe for those using it in vehicles or on foot and exercising ordinary care.

3. SAME—*question is whether obstruction exposes a person to unnecessary risk.* Where a city permits obstructions to be placed between the sidewalk and the curb of the street, the question, in case of injury from the obstruction, is whether the obstruction is of such a character that a person using the street or sidewalk in the ordinary way, and using ordinary care for his own safety, is exposed to an unnecessary and unreasonable risk.

4. SAME—*stepping from sidewalk to pass other persons is not negligence as a matter of law.* It cannot be said, as a matter of law, to show a want of ordinary care for a person desiring to pass

a party of walkers taking up the whole width of the sidewalk, to step upon the sod a few inches to one side of the walk, and in such case it is a question of fact for the jury whether the person is passing over the sidewalk in the usual way, even though at the instant she stumbled and fell she was not actually on the sidewalk.

5. SAME—*when question whether a city was negligent is for the jury.* It is a question of fact for the jury whether a valve-box, constructed and located a few inches from the edge of a sidewalk and several inches above it, is so dangerous a menace to persons using the sidewalk with ordinary care as shows a want of ordinary care for their safety on the part of the city in permitting it to remain there.

6. INSTRUCTIONS—*when an instruction is useless but harmless.* An instruction which is correct as far as it goes, but which does not state the law of the case or explain the issues or go far enough to do good or harm to either party, is useless but not harmful.

7. SAME—*what is not a fatal omission in instructions.* Failure of instructions stating the duty of a city with respect to its streets to contain the element that persons using the streets must exercise ordinary care is not fatal, when the instructions are general and do not undertake to state the facts upon which a verdict might be rendered, and where the instructions which do state such facts contain the element and require the jury to find that the plaintiff was using ordinary care.

8. SAME—*when instruction does not authorize jury to find any fact from the instructions.* An instruction as to damages which authorizes the jury to find for the plaintiff "such sum as in the judgment of the jury, under all the evidence and instructions of the court in this case, you believe, from the preponderance or the greater weight of the evidence, will be fair compensation," etc., is not subject to the objection that it authorizes the jury to find facts from the instructions of the court.

9. SAME—*when word "willfully" is properly stricken from instruction.* Where the only negligence claimed is that a city, after notice, negligently permitted an obstruction to remain close to the sidewalk, it is proper to strike the word "willfully" from an instruction stating that the city would not be liable for injury therefrom unless the obstruction was willfully placed there by the city or allowed to remain if so placed by another.

10. SAME—*it is not error for instruction to assume undisputed, established fact.* Where notice by a city, both actual and constructive, of the presence of an obstruction near a sidewalk is clearly established by undisputed evidence, it is not error for an instruction to assume that fact and omit the requirement of notice.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

BOYS, OSBORN & GRIGGS, for plaintiff in error.

GEORGE F. BELFORD, and BROWNE & WILEY, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The defendant in error recovered a judgment for personal injuries against the city of Streator, which the Appellate Court affirmed, and a writ of *certiorari* was awarded to bring the record before us for review.

The only disputed facts are in regard to the nature and extent of the plaintiff's injuries and the amount of the damages, with which we have no concern. The plaintiff's injuries were received about eight o'clock in the evening of July 7, 1906, and were occasioned by her stumbling over an obstruction in the street, charged to have been negligently permitted to remain there by the defendant. The plaintiff lived on the east side of Sterling street, in the middle of a block, and on the evening in question left her house for the purpose of going to the business part of the town to do some trading. There was a brick sidewalk on the east side of Sterling street, and she walked north on this sidewalk. Seeing a street car turn into Sterling street two blocks south, she determined to take it at the corner of Wilson street, the next street north. When about fifty feet south of Wilson street she attempted to pass four women who were walking abreast ahead of her and occupying the whole sidewalk. In order to pass them she had to step off the sidewalk at its outer edge, and as she started to do so her foot struck a valve-box attached to a water

service-pipe, which projected four or five inches above the ground within from one to three inches of the edge of the sidewalk. The plaintiff was thrown to the ground and received the injuries complained of. The sidewalk was a smooth brick sidewalk in good repair. Between it and the curb was a space of ten feet which is spoken of as the berme, which was also smooth and was on a level with the sidewalk. In this space alongside the sidewalk was a path which was made there by persons passing along the street, and outside the path was a row of trees in the berme, two feet from the sidewalk. The time was after dark and there was no artificial light. The valve-box was an iron pipe three and a half inches in diameter coming up from the water service-pipe laid in the ground, extending above the surface and terminating in a cap five inches in diameter. Its object was to control the admission of water to the adjoining premises, and it had been where it was probably since the water pipe was laid four years before, July, 1906.

The court refused to give an instruction to the jury to find for the defendant, and it is insisted here that the evidence shows no failure of duty on the part of the city; that having furnished a safe sidewalk it is not liable to one who voluntarily leaves it. A municipal corporation is not under the obligation to keep its streets absolutely safe for persons passing over any part of them. Its duty is only to exercise ordinary care to keep its streets and sidewalks reasonably safe for persons using them who are themselves exercising ordinary care. Not all parts of all streets are needed for public passage, and it is customary and lawful for cities to improve certain parts of the streets for the use of vehicles, certain parts for foot passengers, and to permit other parts of some streets not required for these uses to be occupied by trees, hitching posts, hydrants, flower beds, stepping stones, poles for telephone or telegraph wires, or wires for the transmission of electricity for light or power. Such obstructions do not constitute a

violation of the duty of the city toward the public if the
street still remains reasonably safe for those using it in
vehicles or on foot and exercising ordinary care. But the
question arises in each case whether the obstruction is of
such a character that the passenger using the street or the
sidewalk in the ordinary way and using ordinary care for
his own safety is exposed to an unnecessary and unreason-
able risk. This is usually a question of fact, but it may
become a question of law where the obstruction is of such
a character that reasonable minds cannot differ about it.
The present is not such a case. It cannot be said, as a
matter of law, to show a want of ordinary care for a per-
son desiring to pass a party of walkers taking up the whole
walk to step on the sod a few inches to one side of the
brick or stone or concrete sidewalk. It is not an unusual
thing, and what is not unusual is to be anticipated. It is
negligence for one whose duty is to use reasonable care to
make conditions safe, to provide conditions which are un-
safe under circumstances which ought to be anticipated.
At least it was a question of fact which was proper for
submission to the jury whether the valve-box, constructed
and located as it was with reference to the sidewalk, was
so dangerous a menace to persons using the sidewalk with
ordinary care as showed a want of ordinary care for their
safety on the part of the city in permitting it to remain
there.

Objection is made to the giving of five instructions on
behalf of the plaintiff. Of the first it is said that it does
not state the law of the case or explain the issues, and that
it conveys the idea that in the opinion of the court the
plaintiff was in the exercise of ordinary care when she was
injured. The instruction is subject to the first criticism.
It did not undertake to state any rule of law and failed to
state the issue. It was a fragmentary statement of the alle-
gations of the declaration, not undertaking to state what
was necessary to be proved or what duty or liability rested

upon either party. So far as it went it was correct, but it did not go far enough to do either good or harm to either party. It is not subject to the criticism that it assumed that the plaintiff was in the exercise of ordinary care. It merely stated the allegation in that respect. The instruction was useless but not harmful.

The second instruction informed the jury that it was the duty of the defendant "to use reasonable care and caution to keep and maintain its public sidewalks on its public streets in reasonably good and safe repair and condition, so as to render said sidewalks reasonably safe for all persons passing on and over said sidewalks on foot." The third instruction stated that it was the duty of the city "to keep and maintain those portions of its public streets immediately adjoining, abutting and in close proximity to the edges of said public sidewalks in reasonably good and safe repair and condition, so as to render said sidewalks reasonably safe for all persons passing on and over said sidewalks." Two criticisms are made on each of these instructions: First, that they do not contain the qualification that the persons passing on and over the sidewalks must themselves use ordinary care; second, that they are not based on the evidence. As to the first objection, it may be said that the instruction was general in its nature and did not undertake to state the facts upon which a verdict might be rendered, and that the court, in other instructions in which the facts necessary to be proved to entitle the plaintiff to a verdict were stated, did require the plaintiff to prove that she was using all due care and caution for her own safety, and expressly told the jury that unless they believed, from the evidence, that the plaintiff was in the exercise of due care on her part and was guilty of no negligence which in any way contributed to the injury, their verdict must be for the defendant. As to the second objection, it was a question of fact for the jury whether the plaintiff, in stepping off the sidewalk for a moment to pass persons in

front of her, was passing on and over the sidewalk in the usual way, though at the instant of her stumbling and falling she may not have been actually upon the sidewalk.

The fourth instruction directed a verdict for the plaintiff upon proof of the facts therein stated. It is objected to, first, because it submits to the jury the question whether the plaintiff was passing over the sidewalk; but this objection is answered by what has been said about the second and third instructions. It is objected that the instruction omits the requirement of notice to the city. The undisputed evidence established both actual and constructive notice so clearly that it was not error to assume it. It is insisted that since the instruction submitted to the jury the question whether permitting the valve-box to remain where it was under the circumstances "constituted carelessness and negligence on the part of the city," it authorized a verdict for negligence, however slight, whereas the city is not liable for slight negligence but only for a want of ordinary care. A sufficient answer to this objection is that the defendant submitted the question in precisely the same way. Another is, that the instructions plainly told the jury that the duty of the defendant was to use reasonable care and caution, and the term "negligence," as applied to the defendant, in view of the instructions as to the defendant's duty, could have been understood by the jury only as referring to a neglect to exercise ordinary care.

The eighth instruction is substantially in the language of instructions approved in *Donk Bros. Coal and Coke Co. v. Thill,* 228 Ill. 233, *National Enameling Co. v. McCorkle,* 219 id. 557, *Chicago and Milwaukee Electric Railway Co. v. Ullrich,* 213 id. 170, and in other cases. The objection now made to it is to that portion which authorizes the jury to find for the plaintiff "such sum as in the judgment of the jury, under all the evidence and instructions of the court in this case, you believe, from the preponderance or greater weight of such evidence, will be fair compensation,"

etc. Counsel for the plaintiff in error submit that it was error to authorize the jury to find any fact in the case from the instructions of the court. The instruction does not do so. It expressly says, "such sum as  *  *  *  you believe, from the preponderance or greater weight of such evidence, will be fair compensation." It certainly would not be regarded as proper to instruct the jury to find such sum as under all the evidence, without regard to the instructions of the court, they might believe would compensate the plaintiff. The jury, in their consideration of the evidence, are bound to act under the instructions of the court. A further objection is made, that while the declaration alleges only $300 expended for doctors' bills the proof tends to show $375 or $400, and the instruction thus authorizes to be included in the verdict a sum for doctors' bills in excess of that claimed in the declaration. It is not the only answer to this objection, but a sufficient one, that the instruction only authorizes the allowance of damages of any character "so far as such damages,  *  *  *  if any, are claimed and alleged in the declaration."

The defendant asked an instruction to the effect that the city was not bound to keep the whole street fit and safe for foot passengers; that it had discharged its whole duty to persons passing along the sidewalk if it had provided a reasonably safe sidewalk to walk upon, wide enough for that purpose, and would not be liable if any person should sustain an injury as the result of having used or attempted to use the street beyond and outside of said sidewalk as though the same were a part thereof, unless the jury believed that the obstruction outside the sidewalk was willfully placed there by the city or allowed to remain if so placed by another. The court gave the instruction after striking out the word "willfully," and the modification is complained of. The declaration contained no allegation that the city placed the valve-box where it was, either willfully or negligently. The charge is that the city negligently

permitted the valve-box to remain. The sole question was whether the valve-box was a dangerous obstruction to persons using the sidewalk. If it was, and the city knowingly permitted it to remain there, the city would be liable for an injury resulting from its being there. There was no question of willfulness in the case except as willfulness or intention is implied from notice, and there was no error in the modification.

*Judgment affirmed.*