(No. 11943.—Judgment affirmed.)
JOHN A. KELLY, Appellee, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed April 17, 1918—Rehearing denied June 7, 1918.*

1. NEGLIGENCE—*when motion to exclude evidence and instruct
the jury to find verdict of not guilty should be denied.* In an action
for negligence, if there is any evidence in the record from which,
standing alone, the jury may reasonably find that the material aver-
ments of the declaration have been sustained, a motion, made at
the close of the plaintiff's case and renewed at the close of all the
evidence, to exclude the evidence and instruct the jury to find the
defendant not guilty should be denied.

2. SAME—*contributory negligence is a question of fact for the
jury.* It is not negligence *per se* for a street railway company to
fail to stop a car on signal at a corner, and a motorman may right-
fully assume, in rounding a curve, that an adult person standing
near the track will draw back to avoid injury, but the question
whether such person was guilty of contributory negligence is one
of fact for the jury under proper instructions.

3. SAME—*when motion in arrest will not be sustained.* A mo-
tion in arrest of judgment in a common law action for damages
for negligence will not be sustained if there is one count in the
declaration which states a cause of action, even though imperfectly.

4. SAME—*what questions may be considered in determining
whether street railway motorman was negligent in rounding curve.*
In an action against a street railway company for an injury to a
prospective passenger who was struck by the car as it rounded a
curve, questions as to the amount of overhang of the car in turning
the corner at the time and place in question and as to the type of
the car are proper for the jury to consider in determining whether
or not the motorman, in operating the car in the manner he did,
under the circumstances, was guilty of negligence.

5. SAME—*when the defendant cannot complain of the plaintiff's
instructions which refer to the declaration.* Even though the dec-
laration in an action for negligence is open to demurrer, yet if
the defendant, by its own instruction, refers the jury to the dec-
laration for a statement of what the negligence constituting the
cause of action in the case consists, it cannot be heard in the
Supreme Court to complain of similar instructions given at the
request of the plaintiff.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, and BENJAMIN F. RICHOLSON, of counsel,) for appellant.

SABATH, STAFFORD & SABATH, (CHARLES B. STAFFORD, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee, John A. Kelly, brought suit in the superior court of Cook county against appellant, the Chicago City Railway Company, to recover damages for injuries sustained by him by being struck by the rear or overhanging portion of a street car while rounding a curve on one of the streets in the city of Chicago along which appellant operates its railroad.

The declaration contains four counts. Each count contains formal allegations as to the ownership and operation of the railroad, the location and situation of the car tracks at Stony Island avenue and Fifty-sixth street, there being a curve where the tracks turn from Stony Island avenue onto Fifty-sixth street, the exercise of due care on the part of appellee, and the duty of appellant to use ordinary care in the management and operation of said car to avoid injury to him; that appellee was in the street for the purpose of becoming a passenger and that appellant had notice of such intention; that it so carelessly and negligently operated its car that it ran into and injured him, and that as a result of such accident he was severely and permanently injured. The negligence charged in the first count is the failure to stop the car on signal at the proper and customary stopping place to receive passengers; in the second, the

283 – 41

failure to stop the car on signal but slowing it down, and, as appellee approached the car to board it, suddenly increasing its speed as it rounded the curve; in the third, the careless and negligent operation of the car around the curve after appellant had notice of appellee's intention to become a passenger; and in the fourth, the careless and negligent operation of the car at a high and excessive rate of speed around the curve. Each count charges that by reason of the negligence alleged in that count the car ran into appellee and injured him. A plea of the general issue was filed. The cause was tried before a jury and a verdict rendered in favor of appellee for $1000. Motions for a new trial and in arrest of judgment were respectively made and overruled and judgment entered on the verdict. On appeal to the Appellate Court for the First District the judgment of the lower court was affirmed. A certificate of importance and appeal were granted, and the cause is before us pursuant to such certificate and appeal.

It is first insisted that the court was in error in refusing to exclude the evidence and instruct the jury to find defendant not guilty. A motion of this character, accompanied by the proper instruction, was made at the close of the plaintiff's case and renewed again at the close of all the evidence. The court refused to give the instruction, and its refusal is assigned as error. The only question raised and preserved for review in this court on such motion is, does the evidence on the part of the plaintiff, if taken as true and most favorably considered for him, with all just inferences to be drawn therefrom, make out a *prima facie* case on the part of the plaintiff? The question of the weight of the evidence or the credibility of the witnesses cannot be considered. If there was any evidence in the record from which, standing alone, the jury might, without acting unreasonably in the eyes of the law, have found the material averments of the declaration to have been sustained, the motion was properly denied and the instruction refused.

*McGregor* v. *Reid, Murdoch & Co.* 178 Ill. 464; *Libby, McNeill & Libby* v. *Cook*, 222 id. 206; *Devine* v. *Delano*, 272 id. 166.) We can, therefore, only review the evidence at this time for the purpose of ascertaining whether or not the evidence on the part of appellee established a *prima facie* case.

The appellant operates a double-line track of street railway along Stony Island avenue and Fifty-sixth street, in the city of Chicago. Stony Island avenue runs north and south and Fifty-sixth street runs east and west. At the intersection of these streets the car tracks on Stony Island avenue turn west onto Fifty-sixth street. On the afternoon of Sunday, May 5, 1912, appellee, his wife and his three children,—a daughter and two sons, aged eleven and thirteen years, respectively,—came to the corner at Stony Island avenue and Fifty-sixth street and waited at the southeast corner of the street intersection for the purpose of taking a north-bound car on the Stony Island avenue line. There were some thirty or forty people at this place. As the car approached the corner from the south and while it was still a block or more distant, appellee and the members of his family stepped out into the street for the purpose of taking this car. The distance between the street curb and the tracks at this place was something like five or six feet. Appellee and his youngest son were standing about five feet from the tracks and the beginning of the curve. At this time most of the people on the corner had stepped out into the street. As the car approached the corner it slackened its speed and several young men tried to board the car before it came up to where the crowd was waiting. The car apparently was about to stop before reaching the curve. On reaching the appellee it suddenly .started forward and rounded the curve, going west onto Fifty-sixth street, at a comparatively rapid rate of speed. Appellee was about midway of the car before he discovered it was not going to stop. When he saw the car was going

by he reached over and took hold of his youngest son to remove him to a place of safety. As he did so the car rounded the curve and he was struck by the rear or overhanging end of the car and knocked to the ground and injured. No claim is made that appellee was not seriously injured or that the damages awarded are excessive if appellant is liable for his injuries. The main defense relied upon is contributory negligence on the part of appellee. Appellant insists that the danger from being hit by the overhanging end of the car in rounding the curve was as open and obvious to appellee as it was to the servants of appellant, and that he was guilty of contributory negligence in placing himself in such a position that he might be hit by the car in rounding the curve.

It is the general rule, as contended by appellant, that it is not negligence *per se* for a street car company to fail to stop a car on signal at a corner, (*South Chicago City Railway Co.* v. *Dufresne*, 200 Ill. 456,) and that a motorman may rightfully assume, in rounding a curve, that an adult person standing near the tracks and apparently able to see, hear and move, and who has knowledge of the curve in the track and that in rounding a curve the rear end of a street car will swing beyond the track, will draw back and avoid injury, and the motorman is under no obligation to warn such person against such open and obvious danger. (*Garvey* v. *Rhode Island Co.* 26 R. I. 80; *Miller* v. *Public Service Corporation,* 86 N. J. L. 631, and cases cited.) It is also true that the question as to whether or not a person, as a matter of law, is guilty of such negligence in a given case as will bar him of his right of action depends upon the particular facts and circumstances of each case. In the instant case the act of appellee and others in stepping into the street was notice to the motorman that they were there for the purpose of taking the car and expected it to stop at that point. This notice the motorman had before the car reached the street intersection and while he was still

some distance away. The evidence further shows that the motorman slowed down the car to such an extent that the young men,—the more active of those in the crowd,—were able to get on the car before it rounded the curve and came to a stop. It is a well known fact that where a number of people are at a place waiting to take a street car, some of them, in their desire to be among the first to board the car and secure seats, will often try to get as close to the car and its stopping place as possible. This trait of human nature must have been well known to the servants of appellant, who were experienced street car men. Under these circumstances the slackening of the speed of the car might well have been understood by appellee and the others present as indicating an intention on the part of the motorman to bring his car to a full stop before rounding the curve and have caused appellee to remain in closer proximity to the car than he otherwise would. Had the motorman brought his car to a full stop, as his actions indicated he intended to do, there is no question but that the accident would not have happened. When appellee discovered the intention of the motorman to go on around the curve he was about opposite the middle of the car, and he did what any ordinarily prudent person would have attempted to do under the circumstances,—that is, remove himself and his child to a place of safety.

As a general proposition, the question of contributory negligence is one of fact for the jury under all the facts and circumstances shown by the evidence, (*Bale* v. *Chicago Junction Railway Co.* 259 Ill. 476,) but cases occasionally arise in which a person is so careless or his conduct so violative of all rational standards of conduct applicable to persons in a like situation that the court can say, as a matter of law, that no rational person would have acted as he did and render judgment for the defendant. This is not one of those cases. We have held in a number of cases, (*Donnelly* v. *Chicago City Railway Co.* 235 Ill. 35; *Chicago Union*

*Traction Co.* v. *Lundahl,* 215 id. 289, and cases cited;) that it is not negligence *per se* for a person to attempt to board a moving street car, and that the question of contributory negligence in such case is one of fact for the jury, under proper instructions from the court. We think the same rule applies here. Under all the circumstances shown by the evidence we think the case made by appellee was a proper one for the jury and that the peremptory instruction was properly refused.

It is next insisted the declaration fails to state a cause of action and that the motion in arrest of judgment should have been sustained. In support of this contention it is urged that there was no duty on appellant to stop its car on signal, and that the cause of action in each count is based upon the failure to stop the car or in operating it at too high a rate of speed. The rule is, as contended by counsel for appellant, that where a declaration is so defective that it will not sustain the judgment the objection may be availed of on motion in arrest in the trial court. (*Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161.) While the declaration is defective in some particulars, we think the second count was sufficient to support the judgment. This count charges that the plaintiff was standing on the street corner described; that he had a right to be there and was exercising all due care and diligence for his own safety, and was standing there for the purpose of signaling the approaching car and boarding the same; that he signaled the car; that the signal to stop was received, and when the car came to the corner and slowed down and plaintiff approached the car and was about to board the same, defendant suddenly increased the speed of the car around the curve, and by reason of the negligence of defendant in so increasing the speed of the car, defendant well knowing the intention of plaintiff to board the car, it struck and ran into the plaintiff and injured him, etc. While this count was demurrable for the reasons hereinafter stated, we think

it was sufficient to support the judgment, and the motion in arrest was properly overruled.

As to the sufficiency of the declaration after verdict, the first count is based on the failure to stop the car on signal. There was no duty resting upon appellant to so stop its car on signal and the failure to do so was not negligence. (*South Chicago City Railway Co.* v. *Dufresne, supra.*) The second count is based on a slowing down of the car and then suddenly starting it at an increased rate of speed without warning, as above stated; the third, on a careless and negligent operation of the car; and the fourth, on operating the car around the curve at a high and excessive rate of speed. Neither of these counts alleges facts which show appellee was in a position of danger to which he was exposed by reason of the manner of operating the car around the curve, and had the declaration been tested by a demurrer it would have been held insufficient. After verdict the judgment will not be reversed where the declaration states, in general terms, a good cause of action but in a defective manner. *Sargent Co.* v. *Baublis,* 215 Ill. 428; *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 id. 535.

Complaint is also made of the refusal to give the first instruction tendered by appellant and the giving of the second instruction offered by appellee. The instruction which was refused was to the effect that the type of the car in question, its width, length or overhang while turning the corner at the time and place in question, or whether its overhang in turning the corner was great or small, were questions with which the jury were not concerned but engineering propositions, which the court and jury were not called upon to decide. While most of the questions involved in the instruction were not material under the allegations of the declaration, we think the questions as to the amount of overhang of the car in turning the corner at the time and place in question, and whether great or small, were proper

for the jury to consider in determining whether or not the motorman, in operating the car in the manner he did under the circumstances, was guilty of negligence. For this reason the instruction was properly refused.

As to the second instruction given in behalf of appellee, it is very long and involved. It contains twelve paragraphs and attempts to embody all of the law on the subject in the one instruction. The practice indulged is a dangerous one to follow. After advising the jury as to what an action of tort is and in what negligence consists, it proceeds in the sixth paragraph to tell the jury that "to entitle the plaintiff to recover two things are necessary: (1) The injury must have happened by reason of the negligence of the defendant as charged in the declaration; and (2) the plaintiff must have been in the exercise of due care for his own safety," and then proceeds to define due care, etc. The criticism made of it is that it refers the jury to the declaration for a statement of what the negligence of the defendant consists, which would entitle him to recover on the first count, which fails to state a cause of action. While there would be much force in this contention if appellant were in a position to raise the question, it cannot raise such question at this time. By its ninth instruction it told the jury that the plaintiff could not recover in this case unless they believed that he had proven by a preponderance of the evidence each of the following propositions: First, that the plaintiff sustained injuries as charged in the declaration; second, that they were not brought about through the failure of the plaintiff to exercise due care for his own safety; third, "that the defendant was guilty of negligence in the manner charged in the declaration;" and fourth, "that such negligence of the defendant was the proximate, direct cause of the plaintiff's alleged injuries in question." Defendant having recognized the negligence charged in the declaration as stating a good cause of action and by its own instruction referred the jury to such declaration for a state-

ment of what the negligence constituting the cause of action in this case consists, cannot now be heard to complain of the instructions for appellee for doing the same thing. *Calumet Iron and Steel Co.* v. *Martin*, 115 Ill. 358; *Baltimore and Ohio Southwestern Railway Co.* v. *Then, supra; Brennan* v. *City of Streator*, 256 Ill. 468.

For the reasons given the judgment of the Appellate Court will be affirmed.

*Judgment affirmed..*