(No. 12583.—Reversed and remanded.)

FANNIE LOFTUS, Defendant in Error, vs. THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. NEGLIGENCE—*whether a pedestrian is guilty of contributory negligence in crossing track is for the jury.* Whether a person attempting to cross the track of a street railway ahead of a moving car is guilty of contributory negligence depends upon the proximity of the car, the speed with which it is moving and upon all other material facts, and is generally a question for the jury, under proper instructions.

2. SAME—*when error in writing instruction is prejudicial.* In an action for wrongful death, error in giving an instruction defining ordinary care as "the degree of care which an ordinarily prudent person situated as the plaintiff was * * * would usually exercise for his own safety" is prejudicial, as it is impossible to tell what effect the use of the word "plaintiff" instead of "deceased" had upon the jury.

3. EVIDENCE—*what statement of a witness is incompetent as a conclusion.* In an action for the death of a pedestrian who was struck by a street car, a statement by a witness when asked if the deceased was walking when he approached the track, that "at that time he was, *and he took large steps when he saw there was not a chance for him to get away,*" is incompetent, the italicized portion being the conclusion of the witness.

4. TRIAL—*judge should not absent himself from the court room without suspending judicial proceedings.* The trial judge should not absent himself from the court room at any time during a trial before a jury without suspending all judicial proceedings until his return, otherwise his absence will be regarded by a reviewing court as fatal error, unless it shall appear that the cause of the complaining party was not prejudiced thereby.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and P. L. MCARDLE, of counsel,) for plaintiff in error.

DANIEL L. MADDEN, and ROY C. MERRICK, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

A writ of *certiorari* was granted to plaintiff in error, the Chicago Railways Company, to have reviewed the judgment of the First Branch Appellate Court for the First District affirming a judgment of the circuit court of Cook county for $5000 against plaintiff in error, in favor of Fannie Loftus, administratrix of the estate of Michael Loftus, deceased, for damages resulting to her as widow and next of kin by his death, alleged to have been caused by the negligence of plaintiff in error in operating one of its cars.

The declaration contains four counts. The first count charges negligence in propelling, operating and controlling the car. The negligence charged in the second count is the operation of the car at an excessive rate of speed. The third count charges the operation of the car without the ringing of a bell or the sounding of any warning. The fourth count was dismissed at the trial. There was no allegation of willfulness or wantonness. The plea of plaintiff in error was not guilty.

The intestate, while in the act of crossing West Twelfth street, was struck and instantly killed by an east-bound street car operated by plaintiff in error, about 7:45 A. M. on April 11, 1914, at the junction of that street and Hoyne avenue. West Twelfth street extends east and west and Hoyne avenue runs north into that street but does not cross it. At said point of intersection West Twelfth street is 150 feet wide, having a central driveway and a roadway on the north and south thereof, separated from the center driveway by grass plots. The roadways are 25 feet 10 inches wide and in them are laid the tracks of plaintiff in error, the west-bound cars traveling in the north roadway and the east-bound cars traveling in the south roadway. On each side of the street is a sidewalk, and the south sidewalk is 13 feet 11 inches wide. The accident occurred in the south

roadway, in which deceased was walking north along the west side of the Hoyne avenue intersection. The distance from the curb of the south sidewalk to the east-bound track is 18 feet 1 inch. All three of the driveways are paved with asphalt. Hoyne avenue is 66 feet wide between building lines and the roadway is 37 feet 2 inches wide. Openings through the parkways are made across Twelfth street in line with the sidewalks and roadway in Hoyne avenue. The car which struck the deceased was a large pay-as-you-enter car, about 50 feet in length and 8 feet 4 inches wide, weighing, when empty, about twenty-five tons. The track is 4 feet 8 inches wide, and the overhang of the car is about 22 inches on each side. When the car arrived at Ogden avenue, two blocks west of Hoyne avenue, it was somewhat delayed by another east-bound disabled car that was there side-tracked. When the car in question started up again it was loaded to its capacity and was very much crowded throughout with from 140 to 160 passengers, and there were left there other passengers for whom there was no room on the car. After leaving Ogden avenue the car did not stop until it struck the deceased, but it slowed down as it approached Leavitt street, the next street east, and also as it approached a group of persons waiting to take it and who were standing on the south side of West Twelfth street, about 50 feet west of the west line of Hoyne avenue, and then increased its rate of speed again at or near the point where it passed the group waiting for it. Defendant in error's witnesses estimated the speed of the car at the time of the accident at from twenty to twenty-seven miles an hour and its reduced speed as it approached the persons waiting for the car was estimated at from twelve to fifteen miles an hour. The witnesses for plaintiff in error estimated the car's speed at the time of the accident at about fifteen miles an hour and the reduced rate of speed at about twelve miles an hour. Only one witness testified that no bell was rung. Nine witnesses for plaintiff in error testified that the mo-

torman was sounding the gong in an unusual manner as
the car approached Leavitt street and Hoyne avenue, for
the purpose of notifying those waiting that he did not in-
tend to stop. The Appellate Court found, as appears from
the opinion, that the preponderance of the evidence indi-
cated that the gong was sounded near the place at which
deceased was struck. Loftus left his home that morning,
which was south of Twelfth street, and walked up the west
side of Hoyne avenue intending to cross Twelfth street.
He was alone and carrying a small jug or jar. He had a
clear, unobstructed view of the car that struck him after he
reached the sidewalk on Twelfth street. He was observed
to look at the car as he stepped off the curb and again when
about half the distance from the curb to the track, and he
hesitated while he looked at it when about three or four
feet from the track and then started to cross it hurriedly.
When he arrived at the point where he hesitated the car
was about 75 feet west of him, according to the testimony
of one of the defendant in error's witnesses. Two other
witnesses estimated this last distance at 50 feet, while a
fourth estimated it at 25 feet. The witnesses for plaintiff
in error estimated that distance at from 6 to 35 feet. He
was struck by the left front corner of the car as he was
crossing or just after he had crossed over the north rail and
his body was thrown northeast about 35 feet. The car ran
east past Hoyne avenue, with the rear part of it from 12
to 15 feet east of the east line of that street, before it could
be stopped, or a distance of about 125 feet. The deceased
had good sight and good health on the day he was killed.
He left surviving him a widow but no children.

It is argued with much earnestness by plaintiff in error
that the deceased was guilty of contributory negligence as
a matter of law and that this court ought to so hold. This
argument is predicated upon the assumption that the facts
unquestionably show that during the entire period in which
he walked from the curb to the place where he paused be-

fore crossing the track that the deceased was watching the car and deliberating upon the question whether or not he should try to beat the car and cross in front of it, and that he must have known that the car was not going to stop at the crossing and that it was coming at a great rate of speed. It is virtually conceded by the plaintiff in error that it was a question for the jury to determine whether or not it was guilty of the negligence charged in the first and second counts of the declaration. Under the facts proved in this case we think it was clearly a question for the jury to decide as to whether or not the deceased was guilty of contributory negligence, and that he was not guilty of contributory negligence as a matter of law. When considering it as a question of law we must adopt the state of facts in the record most favorable to defendant in error, as this court can not weigh the facts in deciding that question and is bound by the finding of the jury and the Appellate Court unless we can say that the deceased was guilty of negligence as a matter of law. If the car was as much as 75 feet from the deceased when he arrived at the conclusion to cross in front of it, we could not positively declare that a reasonably prudent person under like circumstances and in the same situation as the deceased would have drawn the conclusion that by crossing in front of the car he was putting himself in a place of peril, but, on the other hand, that he believed, and had reasonable ground for believing, that he could cross in safety. In considering this question the jury had a right to consider not only the question of distance that the car was away from the deceased, but also the further fact that the car at about this time had begun to slow down its speed and would probably stop at the crossing. If it can be said that it was evident that the car was not going to stop and that the deceased had notice of that fact by the constant ringing of the bell, still the deceased had a right to assume when the car began slowing down its speed that it would not again be speeded up and run across the street crossing

at an unlawful or unusual rate of speed. The jury were also warranted in taking into consideration the fact that the car was approaching the deceased on almost a direct line, and that for that reason he was in a position least favorable to judge of its speed. This court has several times declared that a person attempting to cross the track of a street railway ahead of a moving car is not necessarily guilty of contributory negligence. Such question must necessarily depend upon the proximity of the car and the speed with which it is moving, and upon all other facts material in determining the question whether it is or is not prudent to undertake such crossing. Whether, in such particular instances, reasonable care was exercised in going upon the track in front of a moving car is generally a question for the jury, under proper instructions. *Chicago City Railway Co.* v. *Sandusky,* 198 Ill. 400; *Chicago Union Traction Co.* v. *Jacobson,* 217 id. 404; *Chicago Union Traction Co.* v. *O'Donnell,* 211 id. 349; 2 Thompson on Negligence, 1450.

The court erred in giving the following instruction on behalf of defendant in error:

"The court instructs the jury that ordinary care, as mentioned in these instructions, is the degree of care which an ordinarily prudent person situated as the plaintiff was, as shown by the evidence, before and at the time of the injury, would usually exercise for his own safety."

The plaintiff in this case was not the deceased but the administratrix, Fannie Loftus. Her conduct on the occasion when the deceased was struck by the car, or where she was situated, was not material and was not proved in the case. The question for the jury to determine was whether or not the deceased was guilty of contributory negligence, and this instruction did not present any question or proposition to the jury bearing on or pertaining to that question. It was a definition entirely inapplicable to the case, based upon the situation and conduct of the plaintiff, which was not in issue and was not even proved on the trial. We have

no means of knowing the effect that the giving of this erroneous instruction had upon the jury.

On the trial the witness Hageman was asked, on cross-examination by plaintiff in error's counsel, whether the deceased, when the witness first saw him, was walking as he approached the track of plaintiff in error, and answered, "At that time he was, *and he took large steps when he saw there was not a chance for him to get away."* The italicized portion of this answer was objected to by plaintiff in error as not responsive to the question and as incompetent testimony. The trial court denied its motion to have the irresponsive answer and incompetent evidence excluded from the jury. It was improper for the witness to state his conclusion to the jury as to what was the conclusion of the deceased as to his chances of safety at any time while attempting to cross in front of the car. He should have been required merely to state the facts as to the movements of the deceased, allowing the jury to draw their conclusions as to what was in the mind of the deceased when he took the large steps. This witness also stated that Loftus began to run when he was about the middle of the track. The conclusion of the witness objected to amounted, in substance, to a statement on his part that the deceased did not discover his danger until he was on the track, and that he did what he could to escape when he discovered that he was in danger. It was almost equivalent to a declaration by the witness that the deceased was not guilty of negligence, and its admission was error, as the answer was not responsive to the question asked and was improper and incompetent for any purpose in the case.

It appears from the recitals in the record that during the argument of the case the trial judge absented himself from the court room, and while defendant in error's counsel was arguing the case the widow indulged in weeping in the presence of the jury. Counsel for the plaintiff in error instructed the bailiff to call the judge to the bench, and after

293 − 31

waiting some time, during which. time the weeping continued, counsel for plaintiff in error requested counsel for defendant in error to go before the judge, which he did. The matter of the widow's weeping in the presence of the jury was then presented to the trial judge at his chambers by plaintiff in error's counsel, together with a motion to withdraw the case from the jury on the ground of the prejudicial conduct of the widow aforesaid. The court overruled the motion. It is contended by plaintiff in error's counsel, and it was stated to the trial judge, that the weeping of the widow was loud enough for everybody in the court room to hear it. It does not appear from the recitals in the record how loud the widow was weeping, but it simply appears that she was weeping in the presence of the jury, as aforesaid. It is not permissible. in the trial of either a civil or criminal case for the trial judge to absent himself from the court room during the argument of the case or at any other step in the proceedings of the trial before the jury. It is the duty of the trial judge, in every instance when he finds it necessary to absent himself from the court room when the trial is in progress, to suspend all judicial proceedings until his return. Such absence of the judge necessarily invites misconduct of some kind on the part of the attorneys, spectators or other persons, and gives the parties to the suit no chance whatever of protecting themselves against such misconduct or of preserving proper exceptions through rulings of the court that might be made on objections raised to such misconduct. This court has frequently declared the rule that the absence of a judge during the argument or other active proceedings in a trial before a jury is to be regarded as fatal error in a civil case unless it shall appear to the reviewing court that the cause of the complaining party was not prejudiced by what occurred in the court during the judge's absence. (*Wells* v. *O'Hare,* 209 Ill. 627; *Meredeth* v. *People,* 84 id. 479; *Durden* v. *People,* 192 id. 493.) There is simply a dispute by the counsel in this case

as to the character of the weeping by the widow, one claiming that it was very loud and continued for a considerable time, while the other contends that the record does not so show. The record does show the facts as above disclosed by the recitals of the judge who was not present to know the extent and character of the weeping. There is no showing in the record that plaintiff in error was not prejudiced by the absence of the judge and the conduct of the widow, and it is also apparent that the true facts could not be fully stated in the record owing to the absence of the judge, and we think that in a case like this, where the question is close on the question of the contributory negligence of the deceased, the absence of the judge constituted reversible error, as contended by plaintiff in error.

For the errors indicated the judgment of the Appellate Court is reversed and the cause is remanded to the trial court for further proceedings.   *Reversed and remanded.*