Ellen Anderson, Appellee, v. Walter J. Cummings, Receiver, etc., et al., Trading as Chicago Surface Lines, Appellants.

Gen. No. 43,222.

Heard in the first division of this court for the first district at the October term, 1944. ▮▮▮▮ Opinion filed March 26, 1945. Rehearing denied April 11, 1945. Released for publication April 11, 1945.

FRANK L. KRIETE, CHARLES C. CUNNINGHAM and ARTHUR J. DONOVAN, all of Chicago, for appellants; WILLIAM J. FLAHERTY, of Chicago, of counsel.

JOSEPH BARBERA, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover damages for personal injuries claimed to have been sustained by her as a result of being struck by a northbound street car in Wentworth avenue and 54th street. There was a verdict and judgment in plaintiff's favor for $7,000 and defendants appeal.

Defendants operate two lines of street cars in Wentworth avenue, which runs north and south. Fifty-fourth street runs east from Wentworth avenue but does not extend west of it. Plaintiff, a housewife about 63 years of age, lived at 5411 South Wells street, which is one block west of Wentworth avenue. March 3, 1942, about 9 : 30 a. m. plaintiff left her home, walked east between two buildings about 50 feet south of 54th street to take a northbound street car in Wentworth avenue. She testified that when she reached the sidewalk on the west side of Wentworth avenue she walked north to the cross-walk on the south side of 54th street and that she saw a northbound street car at Garfield Boulevard or 55th street; that she looked to see ''if everything was all right so I could get over.'' That she started east across Wentworth Avenue and when she reached the middle of the street she raised her right hand signaling the street car to stop. That the car was then about 150 feet from her; that as she was at about the east rail of the northbound track the street car struck her and she was thrown and injured.

Henry Cooper, called by plaintiff, testified that he lived at 5343 Wentworth avenue; that he owned a cab which he had driven about 8 years. The cab was parked at the east side of Wentworth avenue about 100 feet north of 54th street facing north; that 54th street was a regular corner where northbound street cars stopped; that he saw the accident; the streets were dry and the day clear; that he was sitting on the rear bumper of his cab facing south waiting for his son to

bring a box of Simonize which he was going to use on the cab; that he saw Mrs. Anderson on the west side of Wentworth avenue at 54th street; that she stood there about two seconds before starting to cross Wentworth avenue and when she got between the two street car tracks she raised her hand; that the street car did not stop; it hit her about the time she got on the east rail of the northbound track. There was not any other traffic in the street at the time. That when Mrs. Anderson started across the street he saw the northbound street car standing at the north side of 55th street taking on passengers. That when Mrs. Anderson raised her hand to signal the motorman she was about 150 feet from the car, which was coming at about 25 miles an hour; that after Mrs. Anderson was struck the street car ran about 50 feet before it was stopped; that she was lying on the street at about the east center door of the street car; that he did not hear the sound of any gong or warning of any kind; that he ran back and Mrs. Anderson was unconscious.

On cross-examination he testified that on March 21 he had given a statement to an investigator for the street car company, which is in the record and is signed by him, in which he stated he was standing on the sidewalk in front of 5343 South Wentworth avenue which was about 150 feet from the accident; that Mrs. Anderson ''was crossing over on the south cross-walk of 54th street.'' That the street car was about 50 feet from plaintiff when she stepped in front of it; that when the car stopped the front end was at the northeast corner of the intersection.

Two police officers, called by defendants, testified that a few minutes after the accident, and while Mrs. Anderson was still lying in the street, they drove up in the patrol wagon, having been called, and that Mrs. Anderson was lying about opposite the middle door of the street car about 40 or 50 feet south of 54th street.

Mr. and Mrs. Miller were passengers on the street car, sitting in the second seat from the front on the left side. He testified that he saw the accident; that he was talking to his wife, felt the car slow up and saw a woman crossing in front of the street car; that he didn't remember seeing any southbound traffic; that the accident happened about 50 or 60 feet south of 54th street. That after the collision the car went about 20 or 25 feet before it stopped; that his best recollection was that the front end of the street car, when it stopped, was about 30 feet from 54th street.

Mrs. Miller testified that she saw the accident; she was sitting nearest to the window on the second seat from the front with her husband; that she saw a truck going south in Wentworth avenue "and then I saw a woman run out from—just, you know, flashed in front, back of the truck in front of the street car. She was running at rather a fast pace and darted out from behind that truck and right in the pathway of the car. The motorman of the car put on the brakes or the stopping business, whatever it is, . . . . The bell was ringing as soon as he saw it. The lady was traveling in kind of a little trot or pace. I saw the lady when she went in front of the street car," about 10 or 12 feet in front of the car. That after the car stopped plaintiff was lying by the car door on the right side about the center of the car; about 50 or 60 feet south of 54th street.

The conductor of the street car testified that he had been connected with the street car company for about 7 years; that passengers entered by the front door of the car and he was standing at about the center of the car near the exit on the east side; that Philip Jolly was the motorman and had been a motorman for about 14 years. That he died about a year ago; that the accident happened about 70 or 75 feet south of 54th street. The car had stopped at 55th street, then proceeded north and when they were 70 feet south of 54th

street, plaintiff came out from behind a southbound truck; that when he saw her come out from behind the truck the street car was about 15 feet away; that the motorman rang his gong; applied the brakes and pulled the car in reverse; that when the front end of the car came to a stop after the accident, it was about 60 feet south of the south cross-walk of 54th street, and Mrs. Anderson was lying about opposite the middle door of the car.

Plaintiff's theory of the case is that she was crossing Wentworth avenue from west to east on the south cross-walk and that when she started, she saw a northbound street car; that when she reached the middle of the street it was about 150 feet from her, coming fast. That she raised her right hand for the car to stop; that it looked as if it slowed down and she continued to walk east and was struck by the right front corner of the street car.

Defendants' theory is that the street car was going north at a speed of 10 to 15 miles an hour; that plaintiff was crossing the street about 50 to 70 feet south of the south cross-walk and came from behind a southbound truck and was about 5 to 15 feet from the street car when the motorman sounded his gong and applied his brakes and reversed; that plaintiff was struck by the right front corner of the street car and when it stopped she was lying near the center door of the car about 40 or 50 feet south of the cross-walk.

■ ■ Counsel for defendants contend that the court erred in refusing to direct a verdict, as requested by them, at the close of all the evidence and in refusing to enter judgment notwithstanding the verdict. In support of this they say that all the evidence, viewed most favorably for plaintiff, shows that she was guilty of contributory negligence as a matter of law. If, upon a consideration of all the evidence in the record, including the verdict of the jury in plaintiff's favor, approved as it was by the trial judge, we could say that

all reasonable minds would reach the conclusion as contended for by counsel, the court should have directed a verdict and having failed to do so, he should have afterwards sustained defendants' motion for judgment notwithstanding the verdict. *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640. But, upon a careful consideration of all the evidence, the verdict of the jury, and its approval by the trial judge, we are unable to say that all reasonable minds would agree that plaintiff was guilty of contributory negligence. In these circumstances, the overruling of the motions for a directed verdict and for judgment notwithstanding the verdict cannot be disturbed.

Counsel for defendants further contend that in any event the judgment should be reversed and the cause remanded for the reason that the verdict in plaintiff's favor is against the manifest weight of the evidence. And further that the court improperly instructed the jury. We have above set forth the substance of the evidence and think the overwhelming weight of it is that plaintiff was crossing Wentworth avenue from 40 to 50 feet south of the south cross-walk. This we think is shown by the physical facts, as testified to by the police officers and other disinterested witnesses, as to where they found Mrs. Anderson after she was struck. But even if it were established that plaintiff was crossing the street 40 or 50 feet south of the south cross-walk, this would not necessarily defeat her cause of action but would be an element to be considered by the jury in determining the negligence, or lack of negligence, of plaintiff and of the motorman.

Defendants further contend that the court erred in giving plaintiff's instructions 11 and 13. By instruction 11 the court told the jury what was charged in the complaint, one of which was that the street car was being operated "without sounding any bell or gong and otherwise without giving any warning of its presence, movement or approach," that if they be-

lieved plaintiff had proven by a preponderance of the
evidence any one or more of the charges made in the
complaint and they found the street car was operated
negligently, as a result of which plaintiff was injured,
then their verdict should be for the plaintiff.  Obvi-
ously there was no need to sound a gong to warn
plaintiff of the approach of the car because she says
it was in plain view of her from the time it started
from 55th street until she was struck.  *Pienta v. Chi-
cago City Ry. Co.*, 284 Ill. 246; *Loftus v. Chicago Rys.
Co.*, 293 Ill. 475.  But if plaintiff thought that the car
was going to stop after she signaled it with her right
hand and the motorman did not intend to stop, it would
be some warning to her if he sounded his gong indica-
ting that the car was not going to stop.  The evidence
was conflicting as to whether the gong was sounded,
plaintiff's witnesses indicating that it was not, and
some of the defendants' witnesses testifying to the con-
trary.  We think the instruction did not clearly present
the issue to the jury on this point, but we are further of
opinion that the giving of it was not reversibly errone-
ous since the issues were simple and easily understood
by the jury.

Instruction 13 told the jury that "it is the
duty of the operator of a street car on a public highway
to exercise reasonable care and caution in the opera-
tion and control of the street car, so as not to injure
any person who in the exercise of ordinary care, is
crossing the street."  The objection made by counsel to
this instruction is that "the jury were told in effect
that the care and caution required of the operator
of the street car was such care and caution as would
prevent or avoid injury to persons crossing the
street."  We think this objection is not warranted by
the wording of the instruction.  It concludes that the
person in charge of the street car must so operate it as
not "to injure any person who in the exercise of ordi-
nary care, is crossing the street."  We think however,

the instruction is apt to be somewhat misleading. All that was required of the operator of the street car was to exercise reasonable care and caution in the operation and control of the street car. The rest of the instruction should have been eliminated. However, since we have reached the conclusion that the verdict is against the manifest weight of the evidence, the objection can be obviated on a retrial of the case.

Since there must be a retrial we do not discuss defendants' contention that the damages awarded are excessive.

The judgment of the Circuit court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

NIEMEYER, P. J., and MATCHETT, J., concur.