(No. 4377—

Neil Beenes, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 5, 1951.*

Stebbins, Pierce and Connell, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Schuman, C. J.

The claim in this case is predicated on damages to an automobile of claimant, allegedly caused by the negligence of the State, and consists of a repair bill in the amount of $315.00, and towing charges of $35.00.

The complaint alleges that claimant, Neil Beenes, in company with his wife, on July 23, 1950, at about 8:00 A.M., was driving his 1947 Plymouth Sedan over

U. S. Route No. 30 in a westerly direction, and approaching the junction of Route No. 14. While attempting to stop behind a vehicle already stopped at the intersection, his car skidded on loose gravel, and ran into a truck proceeding in the opposite direction.

Claimant testified that he was traveling 35 to 40 miles per hour as he rounded a curve, and saw a slow stop sign; that he applied his brakes, and reduced his speed to 15 to 20 miles per hour; that his car skidded across the highway into the opposite lane, and struck the truck.

Claimant, on cross-examination, testified that there was heavy gravel on the road; that a claim was made against him through his insurance company for damages to the truck, and the claim of the trucking people had been satisfied.

The Departmental Report of the Division of Highways showed that the shoulders of the highway had been graded, and gravel placed thereon preparatory to oiling; that this work was done around June 15, 1950, and the road would have been oiled about August 18, 1950. During said period loose gravel was cast onto the pavement by passing vehicles, and was removed at short intervals.

The rule adopted on liability of municipalities by our courts is applicable to this situation. In the case of *Storen* vs. *City of Chicago*, 373 Ill. 530, the court, on page 534, held:

"A Municipal corporation is not bound to keep its streets and sidewalks absolutely safe for persons passing over any part of them, its duty being to exercise ordinary care. (*Brennan* vs. *City of Streator*, 256 Ill. 468; *Boender* vs. *City of Harvey*, 251 id. 228; *Kohlof* vs. *City of Chicago*, 192 id. 249.) Municipal corporations, not being insurers against accidents, are not liable for every accident occurring within their limits from defects in the streets, but the defects must be such as could have been foreseen and avoided by ordinary care and prudence on the part of the Municipalities."

and, in the case of *Boender* vs. *City of Harvey*, 251 Ill. 228, the court, on page 231, held:

"The obstructions or defects in the streets or sidewalks of a city, to make the corporation liable, must be of such a nature that they are in themselves dangerous, or such that a person exercising ordinary prudence cannot avoid danger or injury in passing them, - - in general, such defects as cannot be readily detected."

and, as stated in *Thien* vs. *City of Belleville*, 331 Ill. App. 337, on page 345:

"Municipal corporations are not insurers against accidents, and the only duty cast upon the city is that it shall maintain the respective portions of the street in reasonably safe condition for the purposes to which such portions of the street are devoted. It is only bound to use reasonable care to keep its streets reasonably safe for ordinary travel thereon by persons using due care and caution for their safety. (*Molway* vs. *City of Chicago*, 239 Ill. 486; *Kohlof* vs. *City of Chicago*, 192 Ill. 249; *City of Salem* vs. *Webster*, 192 Ill. 369.)"

This Court adopts the same construction of the law as applied to cities in defining the duty required of the State. The State is not an insurer against accidents. It is apparent that the maintenance of the area involved was not unusual, and was for the purpose of properly maintaining the highway. Other vehicular traffic caused loose gravel to accumulate on the paved portion of the highway, which was recognized, and, at intervals, it was removed. To require the State to keep highways absolutely clear of gravel at points and areas as here involved, would make the State an insurer against accidents. This duty is not required.

Claimant alleged in his complaint that, in attempting to stop behind a vehicle already stopped at the intersection, he skidded on loose gravel, which he called large gravel. Certainly the gravel was visible to him, and not a defect, hidden or not apparent. Claimant, in the exercise of ordinary care and caution, should have observed the condition, and conducted himself accordingly. Drivers on highways are bound to observe

conditions readily visible, and not blindly ignore them.

The undisputed evidence shows the loose gravel was on the highway, as a result of other vehicles placing it there. Under the admitted facts, the alleged defect does not constitute actionable negligence on the part of the State.

For the reasons assigned, the claim will be denied.