(No. 4582—

EDNA MANUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1956.*

EDWARD G. COLEMAN AND JOHN W. CURREN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On October 23, 1953, a claim was filed by Edna Manus, in which she seeks to recover damages for injuries sustained by reason of a fall over an allegedly defective sidewalk in the Illinois State Fairgrounds.

The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Transcipt of evidence.
4. Brief and argument of claimant.
5. Brief and argument of respondent.

The facts of the case are as follows:

On May 15, 1953, claimant and her daughter, Mrs. Nora Cox, went to the Illinois State Fairgrounds to attend a show in the Coliseum sponsored by the Police Department of the City of Springfield.

About 7:30 P.M. they left their car and started walking on a sidewalk on the north side of the street leading to the building. When they were within a short distance of the building, Edna Manus tripped over an expansion strip, which separated two sections of concrete, and fell forward upon her face. She suffered cuts and abrasions on her face, and her glasses and false plate were broken by the impact.

Mrs. Manus was elderly and obese, and walked quite slowly because of this condition.

The sidewalk in question was relatively new. The weather at that time was unseemly warm, and it is presumed that the heat forced the asphalt strip to rise an inch or less above the level of the walk.

· The accident happened about 7:30 P.M., and, according to the witness, the condition of light was described as dusk. It further appears as though there were no street lights in the area.

Claimant contends that respondent failed to keep the sidewalks in a safe condition, failed to light the area, and failed to otherwise warn the public that a dangerous condition existed.

At pages 59 and 60 of the record, it appears that the walk in question was about a city block in length, and led from a street intersection to the Coliseum. Claimant and her daughter had walked to within 50 feet of the building when the accident occurred. It is to be noted that claimant and her daughter noticed, and crossed over several of these asphalt expansion joints before reaching the expansion joint, which is alleged to have caused the injury.

Respondent did not offer any testimony in the case, but has predicated its defense upon several propositions of law.

The first question in this case is whether or not an asphalt expansion strip, extending above a traveled walk an inch or less in an unlighted area, is a dangerous condition per se. This Court will take judicial knowledge of the fact that it is a common practice, in the construction of concrete walks, to separate the sections by the use of

asphalt expansion joints. It is also common knowledge that these joints produce irregularities on the surface.

Claimant did not offer any evidence to show that respondent had knowledge that this irregularity was excessive in size or height, such that it could be truly described as dangerous to the traveling public, nor was there any evidence that the condition existed for such a length of time, so that this Court could hold that respondent had constructive notice.

This Court has repeatedly held that the state is not an insurer against accidents, which may occur upon its sidewalks and streets.

In the case of *Neil Beenes* vs. *State*, 21 C.C.R. 83, the Court stated:

"The rule adopted on liability of municipalities by our courts is applicable to this situation. In the case of *Storen* vs. *City of Chicago*, 373 Ill. 530, the court, on page 534, held:

'A municipal corporation is not bound to keep its streets and sidewalks absolutely safe for persons passing over any part of them, its duty being to exercise ordinary care. (*Brennan* vs. *City of Streator*, 256 Ill. 468; *Boender* vs. *City of Harvey*, 251 id. 228; *Kohlof* vs. *City of Chicago*, 192 id. 249.) Municipal corporations, not being insurers against accidents, are not liable for every accident occurring within their limits from defects in the streets, but the defects must be such as could have been foreseen and avoided by ordinary care and prudence on the part of the municipalities.'

and, in the case of *Boender* vs. *City of Harvey*, 251 Ill. 228, the court, on page 231, held:

'The obstructions or defects in the streets or sidewalks of a city, to make the corporation liable, must be of such a nature that they are in themselves dangerous, or such that a person exercising ordinary prudence cannot avoid danger or injury in passing them,—in general, such defects as cannot be readily detected.'

and, as stated in *Thien* vs. *City of Belleville*, 331 Ill. App. 337, on page 345:

'Municipal corporations are not insurers against accidents, and the only duty cast upon the city is that it shall maintain the respective portions of the street in a reasonably safe condition for the purposes to which such portions of the street are devoted. It is only bound to use reasonable care to keep its streets reasonably safe for ordinary travel thereon by persons using due care and caution for their safety. (*Molway* vs. *City of Chicago*, 239 Ill. 486; *Kohlof* vs. *City of Chicago*, 192 Ill. 249; *City of Salem* vs. *Webster*, 192 Ill. 369.)' "

It is also the obligation of claimant to allege in her complaint, and prove by a preponderance of the evidence, that respondent had actual or constructive knowledge of the defect, which is alleged to have caused the injury. (*Delaney* vs. *State of Illinois*, 21 C.C.R. 191.) Such allegation and proof is not found in this record.

There are several references in the record regarding the age and weight of claimant, and her inability to walk in a usual manner. If her ability to walk was impaired, she should have asked her daughter for assistance, particularly since the evidence shows that claimant was aware of several of these asphalt strips appearing in the walk before she stumbled over the strip in question.

For the reasons above stated, an award will be denied.